SOUTHWICK, P.J.,
for the Court:
¶ 1. James T. Mitchell filed suit against Rapid Oil Change, Inc. alleging negligence and breach of implied warranty that caused damage to the engine of Mitchell’s automobile. Following judgment qntered after a jury verdict for Rapid Oil, Mitchell appealed. He asserts that the verdict was against the weight of the evidence, that the trial judge erred in denying Mitchell’s motion to amend the pleadings and that the trial judge erred in failing to give an instruction on express warranty. We find no prejudicial error on the part of the trial court and affirm.
FACTS
¶ 2. James T. Mitchell purchased a used 1992 Acura Legend automobile in May 1996. Approximately one week after this purchase, on May 31, 1996, and immediately prior to a weekend trip to Texas, Mitchell brought the automobile to Rapid Oil Change, Inc., a business that specializes in oil changes, lube jobs and other vehicle maintenance. Mitchell purchased a “Premium Lube Package,” had his air conditioner serviced and freon installed. The “Premium Lube Package” had a 30-day or 1,000 mile warranty included in the service.
¶ 3. Mitchell drove the car for about one week following the visit to Rapid Oil, including the trip to Texas, traveling approximately 900 miles during that time. While *468 driving near the Ross Barnett Reservoir outside Jackson on June 7, 1996, Mitchell’s car stalled and would not re-start. Mitchell smelled burning oil. After raising the hood of the car, Mitchell observed that “there was oil all over the engine.” The next day, Mitchell had the car towed to an Acura dealership in Jackson where he had the car inspected by a trained Acura technician, John Coates. The technician testified that he started the car and observed a “stream of oil” coming out were the oil filter meets the flange, on the engine. The engine and underside of the hood were said to have oil on them.
¶ 4. The dealership steam-cleaned the engine and changed the oil, draining about one-half a quart of oil from the engine. Coates testified that the oil filter could be removed by hand with little difficulty. Following the oil change, Coates noticed an unfamiliar knock and a bad vibration in the engine. A later compression test revealed that the first cylinder had no compression and the second cylinder had very low compression. Coates recommended that Mitchell replace the engine.
¶ 5. Mitchell notified Rapid Oil of the problem with his car. Stan Sullivan, Rapid Oil’s owner, arrived at the Acura dealership approximately forty minutes after he was notified of the problem. Coates had already steam cleaned the engine and completed the oil change. Sullivan testified that this was contrary to an agreement between himself and the service manager at the Acura dealership not to work on the car until Sullivan arrived. Sullivan testified that while he was at the dealership, he observed that the oil filter removed from Mitchell’s car was in a wrench on Coates’s workbench. Sullivan testified that Coates admitted to him that he needed the wrench to remove the oil filter and that Coates found no problem with Rapid Oil’s workmanship.
¶ 6. Sullivan investigated the car’s mechanical problems, including being allowed to inspect the damaged engine. Sullivan determined that any damage caused to Mitchell’s engine was caused by a damaged timing belt and a warped valve, not a loss of lubrication as Mitchell alleged. Sullivan asserts that Rapid Oil followed the proper procedure in servicing Mitchell’s car and should therefore not be held liable for any damages.
¶ 7. Mitchell brought suit against Rapid Oil for the cost of a replacement engine and other costs associated with the engine failure. The case was tried in Hinds County Court and a jury verdict was returned in favor of Rapid Oil. Mitchell appeals.
DISCUSSION

I. The verdict was against the overwhelming weight of the evidence

¶ 8. A jury verdict in a civil case is given great deference. We may reverse only if the evidence taken as a whole and in the light most favorable to the verdict would require a reasonable, hypothetical juror to reach a different result. Starcher v. Byrne, 687 So.2d 737, 739 (Miss.1997). Mitchell argues that the verdict of the jury was against the overwhelming weight of the evidence. Specifically, Mitchell asserts that Rapid Oil improperly installed the oil filter on his car and that this caused damage to the engine through lack of lubrication. There was evidence that Rapid Oil has established procedures that it followed when servicing Mitchell’s car and that the filter was installed according to the directions printed on the oil filter itself.
¶ 9. The only evidence presented concerning the loss of lubrication in the engine was by the technician that made the initial inspection and eventually replaced the engine in Mitchell’s car. His credibility was challenged by Rapid Oil since he was working on a commission basis at the time, enabling his pay to increase according to the amount of work he performed. Mitchell presented evidence that the damage to his engine resulted from lack of adequate lubrication, while Rapid Oil presented expert testimony that the engine *469 was damaged because of a broken timing belt and damaged valves. Both experts strongly disputed the viability of the other side’s expert opinion.
¶ 10. The jury weighs the evidence and judges the credibility of the witnesses. Southwest Miss. Reg’l Med. Ctr. v. Lawrence, 684 So.2d 1257, 1267 (Miss.1996). There is nothing in the record that would indicate that a reasonable juror could not have returned this verdict. Accordingly, the verdict was not against the weight of the evidence.

II. Mitchell’s motion to amend the -pleadings to conform to the evidence

¶ 11. Mitchell moved to amend the pleadings immediately prior to the jury instructions. He wished to add a claim that Rapid Oil had violated an express warranty in addition to the implied warranty claim he had included in the complaint. The motion was denied.
¶ 12. The granting of motions to amend is in the sound discretion of the trial court. Such motions should be granted when justice so requires. M.R.C.P. 15(b); Broadhead v. Terpening, 611 So.2d 949, 953 (Miss.1992). Unless this court is convinced that the trial court abused its discretion, we are without authority to reverse. Frank v. Dore, 635 So.2d 1369, 1375 (Miss.1994).
¶ 13. No issue of express warranty was raised in the pleadings. At the end of the trial, the right to amend the pleadings would depend on whether the issue was tried by the implied consent of the parties. We must look for evidence that the parties recognized during the trial that this new issue was being litigated. Setser v. Piazza, 644 So.2d 1211, 1217 (Miss.1994).
¶ 14. The issue of express warranty was first introduced in the direct examination of the plaintiff Mitchell and then further explored in the cross-examination of Rapid Oil owner Sullivan. This was sufficient to put Rapid Oil on notice that a new issue was being litigated. Rapid Oil made no timely objection to questions and also failed to show that amending of pleadings to conform to the evidence would unfairly prejudice its case. The motion to amend the pleadings was proper and failure to grant it was error. We must look further, however, to determine whether this error could have had any impact on the jury’s deliberations. That further look is from the perspective of whether a jury instruction on express warranty was required.

III. Jury instruction on express warranty

¶ 15. The trial court refused to submit this instruction on express warranty.
If you find from a preponderance of the evidence:
1). That on or about May 31, 1996, the Plaintiff took his 1992 Acura Legend to the Defendant’s place of business; and,
2). Employees of the Defendant performed a “Premium Lube Package” on the Plaintiffs 1992 Acura Legend; and
3). Within thirty days of said service and before the 1992 Acura Legend had been driven 1,000 miles, the Plaintiffs 1992 Acura Legend sustained damage that was proximately caused by the performance of the “Premium Lube Package” by the employees of Defendant, then you may find for the Plaintiff, James T. Mitchell.
¶ 16. In deciding whether the denial of the instruction was error, we look at the evidence from the view of the party requesting the instruction. Splain v. Hines, 609 So.2d 1234, 1239 (Miss.1992). A party has the right to have its theory of the case presented to the jury by instructions, provided that there is credible evidence to support that theory. Alley v. Praschak Machine Co., 366 So.2d 661, 665 (Miss.1979). It is also true that the lower court enjoys considerable discretion regarding the form and substance of jury instructions to the end that the jury is fairly instructed as to each party’s theory of the case. Rester v. Lott, 566 So.2d 1266, 1269 (Miss.1990). Even if there are defec *470 tive or inadequate jury instructions, no reversible error occurs if as a whole the instructions fairly express the applicable primary rules of law. Splain, 609 So.2d at 1239. There is no argument here that Mitchell’s proposed instruction on express warranty failed properly to state the law.
¶ 17. When dealing with an express warranty, it is the burden of the plaintiff to prove that the defect in the product or service caused the damage. Crocker v. Sears, Roebuck and Co., 346 So.2d 921, 923 (Miss.1977). The evidence presented at least two possible explanations for the engine damage. Rapid Oil argues that defects in other parts of the engine caused the damage. Mitchell’s theory was that the oil filter was improperly installed. As Mitchell argues in his appellate brief, “the only logical conclusion is that the oil filter was never properly installed in the first place.” Mitchell’s implied warranty instructions fully explained Rapid Oil’s liability in that situation. Specifically the instruction provided that Rapid Oil was liable if it failed in “its duty to exercise reasonable care by failing to properly install” the filter, and that breach proximately caused the damage. Another instruction that was granted would impose liability if the jury found that Rapid Oil had failed to install the filter in a workmanlike manner.
¶ 18. What the express warranty instruction added to this was to impose liability if the jury found that the time and mileage limits of the warranty were not exceeded, and that damage was caused as a proximate result of something covered by the warranty. There was no dispute that the vehicle was still under warranty. Therefore the only factual issue under this instruction was the only factual issue Mitchell made under any theory of liability — was there a failure to properly install the filter and if so, did that proximately cause the damage?
¶ 19. It is not enough under the express warranty claim for Mitchell to show that no perceived problem existed with his car prior to being serviced by Rapid Oil and that the engine was damaged following this service and within the express warranty period. Mitchell must show some nexus between Rapid Oil’s actions and the damage to his car. The only claimed nexus was improper installation of the filter. It is fair to say that the failure of the jury to accept that nexus led them away from liability under an implied warranty and would as assuredly have led them away from liability under express warranty. In other words, by failing to find liability under an implied warranty, the jury failed to find the necessary fact that also was indispensable to the express warranty theory.
¶ 20. We therefore find no error in refusing to give the instruction. Consequently, there was no reversible error in failing to permit the amendment of the pleadings.
¶ 21. THE JUDGMENT OF THE HINDS COUNTY COURT IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.