796 So.2d 236 (2001)
Alan W. EASLEY, Appellant
v.
DAY MOTORS, INC., Appellee.
No. 1999-CA-01636-COA.
Court of Appeals of Mississippi.
March 27, 2001.
Rehearing Denied June 12, 2001.
Certiorari Denied September 27, 2001.
*237 Kenneth R. Watkins, Gulfport, for Appellant.
Norman B. Gillis, Jr., McComb, for Appellee.
*238 Before KING, P.J., BRIDGES, and THOMAS, JJ.
BRIDGES, J., for the Court:
¶ 1. This case is an appeal from the Circuit Court of Pike County, Honorable Mike Smith presiding. Easley sued Day Motors and Caterpillar, Inc. in the circuit court on several grounds, including breach of contract, breach of an express warranty, breach of an implied warranty, and the Magnuson-Moss Warranty Act. Caterpillar moved for summary judgment which the trial court granted. Day Motors moved for summary judgment, and after a review of the evidence, the judge granted this motion. Easley now appeals the trial court's grant of summary judgment to Day Motors and does so on the basis of several issues:
1. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING THE BREACH OF CONTRACT?
2. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING BREACH OF AN EXPRESS WARRANTY?
3. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING BREACH OF AN IMPLIED WARRANTY OF MERCHANTABILITY?
4. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE?
5. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING THE APPLICABILITY OF THE MAGNUSON MOSS WARRANTY ACT?
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. In 1984, Alan Easley bought a 1980 Kenworth truck from his brother. The engine in the truck had run for about 800,000 miles and needed an in-frame overhaul. An "in-frame overhaul" is not a complete overhaul of the engine, rather, the engine remains within the truck, and certain repairs are made to cure particular problems. Easley and his brother performed the overhaul themselves and installed a number of new parts they purchased from a Caterpillar dealer. These parts carried a one year/100,000 mile factory warranty. They installed rod bearings, main bearings, an oil pump, pistons, a liner kit, and a new head. They did not replace or repair some of the original engine parts such as the camshaft, crankshaft, front housing, rocker arm assembly, in-take manifold, exhaust manifold, valve covers, water pump, or camshaft followers (also known as roller lifters or roller rockers).
¶ 3. After these repairs were made, Easley drove the truck for another 400,000 miles, until he began to experience problems with the truck consuming large amounts of oil. In May of 1990, Easley took his truck to Day Motors to have the oil problem fixed. Day Motors gave the truck an in-frame overhaul during which they installed new heads into the engine, replaced the cylinder repacks head, replaced the after cooler core rod, replaced the main bearings, and re-cut the block due to its age. These new parts all had the Caterpillar 1 year/100,000 mile warranty on them. This was all Day replaced on the truck. Day offered Easley an extended warranty, but he did not take it.
¶ 4. At the time of the work Day performed on the truck, the truck had been run for 1,200,000 miles. It is important to *239 note Caterpillar put out a P.I.P. (Parts Improvement Program) factory bulletin on the engine in Easley's truck to warn that the roller lifters in this engine series were subject to mechanical failure. To be more specific, the roller lifters were prone to dislodge from their mounting and come loose.
¶ 5. Day Motors returned the truck to Easley, and Easley then began using it, putting an additional 37,000 miles on the truck. A mechanical problem occurred which caused the camshaft to push one of the roller lifters through the block of the engine, ruining it. Easley claims this problem was caused by the negligence of Day Motors in re-cutting the engine. Easley claims metal shavings from the re-cut fell onto the roller lifter causing it to break lose and fall on the camshaft. This caused the rotation of the camshaft to push the lifter rod through the engine block. Day Motors claims the problem was caused because of the mechanical failure Caterpillar warned of in its P.I.P. In Day's opinion, one of the roller lifters dislodged, came loose on its own, fell onto the camshaft, and was then pushed through the block. An expert witness testified that the metal in the engine was all the same, there was no way to tell from where the shavings came, and it would be impossible to say what really caused the mechanical failure.
¶ 6. Easley sued both Caterpillar and Day Motors. Caterpillar was granted summary judgment. Prior to trial, Day Motors moved for summary judgment. After review of all of the evidence, the trial court found Day Motors's motion sound and granted summary judgment. Easley comes here appealing the grant of summary judgment to Day.

DISCUSSION OF THE LAW

STANDARD OF PROOF
¶ 7. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. Crain v. Cleveland Lodge 1532, 641 So.2d 1186, 1188 (Miss.1994). Fact issues are material if they tend to resolve any of the issues properly raised by the parties. Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc., 519 So.2d 413, 415 (Miss.1988). When reviewing a decision to grant summary judgment, this Court will review the case de novo. Crain, 641 So.2d at 1188. All evidentiary matters are viewed in a light most favorable to the non-movant. Morgan v. City of Ruleville, 627 So.2d 275, 277 (Miss.1993). The movant has the burden of proving that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993).
¶ 8. The non-movant cannot just sit back and remain silent, but he must produce significant probative evidence proving there really are issues for trial. Newell v. Hinton, 556 So.2d 1037, 1041 (Miss.1990).
Where a party opposes summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, and when the moving party can show a complete failure of proof on an essential element of the claim or defense, then all other issues become immaterial, and the moving party is entitled to judgment as a matter of law.
Grisham, 519 So.2d at 415.

ANALYSIS

1. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING THE BREACH OF CONTRACT?
¶ 9. Easley claims the invoices he received as receipts are evidence a contract *240 existed between Easley and Day, and under the contract Day would install the new engine parts properly. Easley also claimed an oral contract existed between the parties which stated Day would install the parts correctly. Easley asserts the malfunction within the engine is proof Day did not install the parts correctly, and thus Day breached the contract by failing to install the parts correctly.
¶ 10. According to the testimony of Easley's expert witness, it is impossible to prove what exactly caused the malfunction of the engine. Maxie Taylor, Easley's expert, testified that the metal pieces in the engine, whether they came from re-cut shavings or the roller lifter being pushed through the engine block, were made of the same type of metal, and it would be impossible to tell them apart. This makes it impossible for Easley to prove there were shavings left in the engine after Day was done with its repairs, therefore making it impossible to prove negligent repair is the cause of the engine malfunction. Thus, it is impossible for Easley to prove Day breached the contract. At trial, Easley would have had to bear the burden of proving the shavings caused the malfunction. As stated above, when a party would bear the burden of proof at trial, and the party moving for summary judgment shows a failure to prove an essential element of a claim, then summary judgment should be granted. Grisham, 519 So.2d at 415. There is an absence of causation and material fact here because Easley cannot prove the contract was breached. For this reason we affirm the finding of the lower court as to this issue.

2. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING BREACH OF AN EXPRESS WARRANTY?
¶ 11. Easley argues the warranty which applied to the new parts installed in the engine applied to all Caterpillar parts, both new and old. The warranty, which stated it applied to all Cat parts, also stated it only applied to all Cat parts "on this ticket". The trial court held Easley's assertion was without merit, and we agree with it. Easley wants this Court to apply a warranty that clearly applied only to new parts to be applied to all the parts in the engine; those which had run for 1, 200,000 miles and those which only went 37,000 miles. This claim is without merit.
¶ 12. Easley argues that the Uniform Commercial Code (U.C.C.) warranty provisions are applicable, but he misapplies them to this case because these warranties apply when a seller has sold those goods. According to statute, an express warranty is created by a seller when "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Miss.Code Ann. § 75-2-313 (Rev.2000). There is no question the parts Day sold to Easley were under warranty, yet this does not mean the warranties applied to the older parts Day did not sell to Easley. The warranty Day gave to Easley stated it only applied to the parts on this ticket. Day did not give a warranty on parts it did not sell, only on the parts it sold. Therefore, the express warranty should not apply to the malfunction of the roller lifters, because Day did not sell or install them.
¶ 13. Easley also claims we should be convinced by the testimony of his expert witness. Easley's expert stated Easley's interpretation was not what was meant by the warranty, and also that he could not say with any certainty what caused the malfunction. "When dealing with an express warranty, it is the burden *241 of the plaintiff to prove that the defect in the product or service caused the damage." Mitchell v. Rapid Oil Change, Inc., 752 So.2d 466 (¶ 17) (Miss.Ct.App.1999) (citing Crocker v. Sears, Roebuck and Co., 346 So.2d 921, 923 (Miss.1977)). As stated above, Easley cannot prove that shavings from the re-cut caused the mechanical failure in the engine. Because he cannot prove this supposed defect in Day's work caused the malfunction, then there is no way in which he could prove Day breached the express warranty. This issue is without merit and Day succeeds in proving there is nothing material about it. Therefore, we affirm as to this issue.

3. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING BREACH OF AN IMPLIED WARRANTY OF MERCHANTABILITY?
¶ 14. In raising this issue, Easley cites to section 75-2-314 of the Mississippi Code as amended, and attempts to make the argument that the engine itself qualifies as goods, and therefore this warranty should apply to the engine. Because the warranty applies to the engine, Easley then argues that because a part of the engine broke the warranty of merchantability was broken. Easley also argues this Court should hold that implied warranties of merchantability apply to services, and this implied warranty should apply to the service Day provided Easley. Day Motors claims the engine should not be seen as an overall good, but as made up of several goods. Day states that the broken part, the roller lifter, was an original part of the engine which they did not sell. Therefore, since Day was not the seller of the roller lifter, they should not be liable under an implied warranty of merchantability.
¶ 15. We affirm the lower court's finding on this issue. To side with Easley's interpretation of "good" would be ridiculous. If this Court were to do so, and hold the entire engine was a "good", then any seller who sold a part to Easley could be held liable for the break down of every other part within the engine, whether they sold it or not. Section 75-2-314 of the Mississippi Code states that "[e]xcept as provided in subsection (5), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Miss.Code Ann. § 75-2-314 (Rev. 2000). It further states that for goods to be merchantable they must (1) pass without objection in the trade under the contract description, (2) are of fair average quality, (3) are fit for the ordinary purpose for which such goods are used, (4) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved, (5) are adequately contained, packaged and labeled, and (6) conform to the promises or affirmations made on the label. Miss.Code Ann. § 75-2-314(2) (Rev.2000).
¶ 16. It is well known § 75-2-314 applies to the seller of goods, and since Day sells parts, Day would be considered a seller. The broken part in this case, however, was not a part sold by Day to Easley. Therefore, the implied warranty of merchantability of § 75-2-314 cannot be properly applied to Day Motors. Once more, Easley cannot prove any of the parts sold by Day would be considered unmerchantable, because he cannot prove that shavings from the re-cut are what caused engine malfunction. Easley's argument that this warranty should be extended to services has some authority from other jurisdiction behind it, but there is also a great deal of authority opposing such an extension. Mississippi has no authority supporting such an extension, and we see no reason to create such authority in this case.
*242 ¶ 17. In reviewing a grant of summary judgment, we are to review whether there is a question of material fact. Crain, 641 So.2d at 1188. The question of whether this Court should change the law and extend this warranty is not what is before this Court. The question properly before us is whether there is a question of material fact present in this case. It is established in the record that the cause of the malfunction was the roller lifter, a part Day did not sell to Easley, coming loose. The cause of the roller lifter dislodging was either a simple mechanical failure or a shaving from the re-cut, but there is no way to determine which is the cause. The cause of that malfunction was dealt with in the discussion of issue one above and does not apply to this issue. Because Day was not the seller, it would be improper to apply the implied warranty of merchantability to Day. Because there is no material question of fact here, the judge was correct in granting summary judgment, and for this reason we affirm on this issue also.

4. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE?
¶ 18. Easley contends the implied warranty of fitness for a particular purpose under section 75-2-315 of the Mississippi Code applies to this set of facts. Easley relies on the argument he made in issue four, regarding whether the engine should be considered as only one good and whether this section should apply to services, in making this argument. The Mississippi Code states:
Except as otherwise provided in this section, where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such a purpose.
Miss.Code Ann. § 75-2-315 (Rev.2000).
¶ 19. Easley claims he was a buyer who relied on the representations of a seller, Day, and the goods Day sold Easley were not fit for their particular purpose. This claim has no merit because the part which failed is not one of the parts which Day sold to Easley. Day did have knowledge of the particular purpose for which Easley needed the goods, but Day did not sell Easley the roller lifters which failed. The goods Day installed in the engine were fit for the purpose for which they were intended. Even if they were not so suited, Easley cannot prove the work or goods sold by Day are the reason the engine malfunctioned. Easley argues it was shavings from the in frame overhaul which caused the malfunction. As stated above, we refuse to make an extension of warranties to services in this case.
¶ 20. There is no question of material fact present in this case. Easley cannot prove the goods sold to him by Day were the cause of the engine malfunction, and he therefore cannot prove these same goods were not fit for their particular purpose. This shows a failure to prove the essential element of causation as is required when defending a motion for summary judgment. Grisham, 519 So.2d at 415. For these reasons we affirm on this also.

5. WHETHER THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S COMPLAINT CONCERNING THE APPLICABILITY OF THE MAGNUSON-MOSS WARRANTY ACT?
¶ 21. Easley's last issue centers around the recovery of litigation expenses and attorneys fees through the Magnuson-Moss Warranty Act. Under Title 15 section *243 2310(d)(2) of the United States Code, if a party sues successfully under a breach of warranty theory he may recover expenses and attorneys fees. 15 U.S.C.A. § 2310(d)(2). This does not apply to this case because Easley cannot prove that any warranties were violated. For this reason we affirm the findings of the trial court.
¶ 22. In conclusion, Day has succeeded in proving there was no question of material fact. Easley's own expert witness testified there was no way to prove the engine malfunction was caused by any fault of Day's. Therefore, seeing no question of material fact, we affirm the findings of the trial court.
¶ 23. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT TO DAY MOTORS IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.