United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60956
Summary Calendar

_____

TOM BREAZEALE,

Plaintiff-Appellant,

versus

DAIMLER-CHRYSLER CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC Case No. 2:03-CV-399

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Tom Breazeale appeals the district court's grant of summary judgment in favor of Appellee Daimler-Chrysler Corporation ("Daimler-Chrysler") on his breach of warranty claim. Breazeale, whose 2000 Dodge Ram pickup truck suffered extensive engine damage, originally brought this action in Mississippi state court, but Daimler-Chrysler removed the case to federal court on the basis of diversity jurisdiction. Because Breazeale failed to present a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

genuine issue of material fact as to the causation of his truck's engine damage, we AFFIRM.

**DISCUSSION**

This court reviews a district court's grant of summary judgment de novo. Evans v. City of Houston, 246 F.3d 344, 347 (5th Cir. 2001). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 312-33, 106 S. Ct. 2548, 2552-53 (1986). On a motion for summary judgment, a court must review the facts in the light most favorable to the nonmovant. Walker v. Thompson, 214 F.3d 615, 624 (5th Cir. 2000). When dealing with the breach of an express warranty, "it is the burden of the plaintiff to prove that the defect in the product or service caused the damage [at issue]." Mitchell v. Rapid Oil Change, Inc., 752 So. 2d 466, 470 (Miss. App. 1999)(citing Crocker v. Sears, Roebuck and Co., 346 So. 2d 921, 923 (Miss. 1977)). A lack of demonstrated causation is fatal to a breach of warranty claim. Easley v. Day Motors, Inc., 796 So. 2d 236, 241 (Miss. App. 2001).

In the instant case, Daimler-Chrysler sent a technical advisor, Bret Byus, to inspect Breazeale's truck. In support of the company's motion for summary judgment, Byus provided an

2

affidavit in which he stated that the cause of damage to the truck's engine was "either a missing, misinstalled, or improperly functioning air filter." Daimler-Chrysler provided a five-year/100,000 mile warranty on Breazeale's truck; the warranty does not cover damage caused by the use of third-party components. Breazeale concedes that non-Daimler-Chrysler filters had been installed in his truck. As such, Byus concluded that the repairs sought by Breazeale were not covered by the warranty.

In response, Breazeale offered affidavits from two mechanics, Randy Lewis and Joe Shows. Even assuming arguendo that Lewis and Shows were competent to offer reliable testimony here, neither man presented evidence sufficient to create a material fact issue as to causation. Lewis's affidavit has no apparent relevancy; more importantly, he does not offer an opinion as to what caused the engine damage in Breazeale's truck. Shows states that he examined Breazeale's truck, and that the problems occurring in the vehicle were consistent with a condition described in a technical bulletin he obtained on the Internet.[1] In sum, one of Breazeale's experts had no theory as to what caused the damage to Breazeale's truck, while the other expert offered an indefinite and unsubstantiated explanation for the engine damage. "Conclusional

---

[1] The technical bulletin, obtained from a website not affiliated with Daimler-Chrysler, describes an engine problem that may occur under extreme conditions, specifically downhill off-road driving at grades above 37.5 percent for extended periods of time. As the district court correctly noted, neither Breazeale nor Shows offered any evidence suggesting that the truck had been driven under such extreme conditions.

allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002) (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)). As Breazeale can offer only unsubstantiated assertions and speculation as to the issue of causation, the district court's grant of summary judgment to Daimler-Chrysler is **AFFIRMED.**