# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-01405-SCT

*JOE McGEE CONSTRUCTION COMPANY, INC.*

*v.*

*DIANNE BROWN-BOWENS, INDIVIDUALLY
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF HATTIE W. BROWN*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/2021 |
| TRIAL JUDGE: | HON. JOHN R. WHITE |
| TRIAL COURT ATTORNEYS: | WILBUR O. COLOM |
| | CHARLES TYRONE BRANT |
| | MICHAEL WAYNE BAXTER |
| | CHRIS H. DEATON |
| | MICHAEL MADISON TAYLOR, JR. |
| | DANA GAIL DEARMAN |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL WAYNE BAXTER |
| | MICHAEL MADISON TAYLOR, JR. |
| ATTORNEY FOR APPELLEE: | WILBUR O. COLOM |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 08/17/2023 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2021-IA-01406-SCT

*MISSISSIPPI DEPARTMENT OF
TRANSPORTATION*

*v.*

*DIANNE BROWN-BOWENS, INDIVIDUALLY
AND ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF HATTIE W. BROWN*

DATE OF JUDGMENT:                12/09/2021
TRIAL JUDGE:                     HON. JOHN R. WHITE
COURT FROM WHICH APPEALED:   LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      CHRIS H. DEATON
ATTORNEY FOR APPELLEE:        WILBUR O. COLOM
NATURE OF THE CASE:           CIVIL - WRONGFUL DEATH
DISPOSITION:                     REVERSED AND RENDERED - 08/17/2023
MOTION FOR REHEARING FILED:

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    The Mississippi Department of Transportation hired Joe McGee Construction Company, Inc., for a road construction and bridge replacement project on Highway 245 in Lee County. The Department designed the temporary traffic control plan for the project, which provided for the placement of temporary traffic signs, such as DETOUR, ROAD CLOSED AHEAD, ROAD CLOSED 1000 FEET with a flashing light on top, ROAD CLOSED 500 FEET with a flashing light on top for the project, and two Type III barricades with a ROAD CLOSED sign mounted on top. McGee Construction then subcontracted with Riverside Traffic Systems, Inc., for the placement of the signs leading up to and around the site. Riverside completed the placement of the signs and barricades as required by the traffic control plan on May 30, 2018.

¶2.    On the night of June 3, 2018, Hattie Brown, after visiting her friend Eddie Bogan, drove down the closed portion of Highway 245 and collided with a stationary crane, resulting in her death. The single occupant of the vehicle, her body was not discovered until the next morning. Mississippi Highway Patrol Trooper Jonathan Ragan responded to the scene to investigate. Trooper Ragan's report states that Brown's vehicle "collided with the barricade

2

on the southbound lane and traveled approximately 200 yards colliding head on with a crane parked on a bridge." His report also notes that "[t]here was adequate warning signage of the road being closed with barricades across both lanes" and that "[t]he southbound side barricade was destroyed."[1]

¶3.     Dianne Brown-Bowens, Hattie Brown's daughter, filed a wrongful death suit against McGee Construction on November 9, 2018, and later amended the complaint to include the Department and Riverside as defendants. In her amended complaint, she asserted claims of negligence and strict liability and sought to recover punitive damages. Regarding the negligence claim, Brown-Bowens claimed that McGee Construction and the Department were negligent by "[f]ailing to provide proper warnings" and "[f]ailing to have proper safety plan in place to protect drivers on public highway[.]"

¶4.     On December 16, 2020, the Department filed a motion for summary judgment, arguing that,

> [b]ecause plaintiffs cannot establish any duty owed by MDOT to [Hattie] Brown concerning this closed road under construction, because plaintiffs cannot establish any breach of duty by MDOT and because plaintiffs have no evidence that any alleged act or omission by MDOT was a proximate cause, or substantial contributing cause, of [Hattie] Brown's vehicle crashing through a "Road Closed" barricade and traveling hundreds of yards down the closed road to impact with a crane, MDOT is entitled to summary judgment[.]

In response to the motion, Brown-Bowens asserted that summary judgment was premature and that there were genuine issues of material fact. Along with her supplemental response

---

[1]The report also mentions that empty alcohol bottles were found in the vehicle with the victim. But it was reported that, due to rigor mortis, the coroner could not take Hattie Brown's blood in order to perform a toxicology test.

to the motion, Brown-Bowens attached several exhibits, including the affidavit of Jeffrey Armstrong, a professional engineer that performs "forensic engineering analyses on matters involving traffic and transportation engineering, including analysis of temporary traffic control[.]" Armstrong reached several conclusions that alleged fault on behalf of the defendants, but the Department moved to strike Armstrong's affidavit as untimely and improper under the rules of discovery "because it offers expert opinions from an individual who has not been designated an expert and on whom no expert interrogatory response was provided." The Department also asserted that "[e]ven if [Armstrong] had been timely designated as an expert and even if plaintiff had timely supplemented the expert interrogatory, [Armstrong's] affidavit is neither admissible under MRE 402 or MRE 702."

¶5. On May 28, 2021, McGee Construction filed a motion for summary judgment, asserting that it had "provided legally sufficient notice to motorists, including [Hattie] Brown, that the section of Highway 245 South where the accident occurred was closed and that McGee Construction therefore, breached no duty owed to [Hattie] Brown" and that it was not negligent because none of its actions proximately caused the accident.

¶6. On July 27, 2021, a hearing was held regarding multiple pending motions filed by the parties, most notably the competing motions for summary judgment. After hearing arguments from the parties, the trial court entered an order granting Riverside's motion for summary judgment and granting in part and denying in part the Department's and McGee Construction's motions for summary judgment, ruling that the Department's and McGee

4

Construction's summary judgment motions were denied as to Brown-Bowens's negligence claim but granted as to her claims for strict liability and for punitive damages.

¶7. Regarding the Department's motion for summary judgment, the trial judge determined that Brown-Bowens had "presented sufficient evidence to establish the basis of a government entity's duty to warn, as set out in Miss. Code Ann. § 63-3-305" and that Armstrong's affidavit established a breach of that duty by "offer[ing] expert testimony as to MDOT's failure to comply with the [traffic control plan]." The trial judge determined also that, viewing the evidence in the light most favorable to Brown-Bowens, the deposition testimony of Eddie Bogan and Gerald Holcomb "established a sufficient basis for the element of causation" and genuine issues of material fact still exist. As for McGee Construction's motion for summary judgment, viewing the evidence in the light most favorable to Brown-Bowens, the trial judge determined that the evidence was sufficient to establish a *prima facie* case of negligence and that Brown-Bowens's contested evidence created genuine issues of material fact.

¶8. The Department and McGee Construction filed petitions for interlocutory appeal, which we granted and consolidated. The parties argue that the trial court erred by denying their motions for summary judgment because Brown-Bowens failed to present evidence that either party, by act or omission, contributed to the death of Hattie Brown. We agree and we reverse the judgment of the trial court because Brown-Bowens failed to produce any evidence that any acts or omissions on the part of the McGee Construction or the Department caused the death of Hattie Brown.

## STANDARD OF REVIEW

¶9.     "To prevail on a of negligence claim, a plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury." *Miss. Dep't of Mental Health v. Hall*, 936 So. 2d 917, 922 (Miss. 2006) (quoting *Miss. Dep't of Transp. v. Cargile*, 847 So. 2d 258, 262 (Miss. 2003), *overruled on other grounds by Little v. Miss Dep't of Transp.*, 129 So. 3d 132 (Miss. 2013)). Mississippi Rule of Civil Procedure 56(c) mandates summary judgment when "there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law." *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1188 (Miss. 1994). When "the party opposing the motion for summary judgment on a claim or defense upon which it bears the burden of proof at trial, and the moving party can show *a complete failure of proof* on an essential element of the claim or defense, other issues become immaterial and the moving party is entitled to summary judgment as a matter of law." *Id.* (citing *Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc.*, 519 So. 2d 413, 416 (Miss. 1988)).

## DISCUSSION

¶10.     McGee Construction and the Department each moved for summary judgment pursuant to Rule 56 of the Mississippi Rules of Civil Procedure because, among other grounds, no evidence had been offered to show that any act or omission by either party had caused the death of Hattie Brown.  Although the evidentiary sufficiency is disputed, it is nonetheless undisputed that Hattie Brown would have driven past several warning signs and a barricade indicating a road closure prior to the collision. No witnesses, however,  saw the collision.

6

Even the exact time of the collision is unknown. In short, no competent summary judgment evidence in the record before us supports that any breach of any duty on the part of the Department or McGee Construction caused the collision. One can do no more than speculate about causation here, and speculation does not defeat summary judgment. *Johnson v. Brock*, 337 So. 3d 1053, 1057 (Miss. 2022) (citing *Strantz v. Pinion*, 652 So. 2d 738, 742 (Miss. 1995)).

## CONCLUSION

¶11. Because Brown-Bowens, as the party opposing summary judgment, presented no evidence to prove a claim of negligence against the Department and McGee Construction, we reverse the judgment of the trial court and render judgment in favor of the Department and McGee Construction.

¶12. **REVERSED AND RENDERED.**

**RANDOLPH, C.J., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶13. Because the majority does not view the evidence in the light most favorable to the nonmoving party in accordance with our appellate review, I dissent. The trial judge correctly denied both parties' motions for summary judgment because, viewing the evidence in the light most favorable to the nonmovant, the plaintiff had presented sufficient evidence to survive summary judgment.

7

¶14.    "We review the grant or denial of a motion for summary judgment de novo, viewing the evidence 'in the light most favorable to the party against whom the motion has been made.'" *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (Miss. 2013) (quoting *Pratt v. Gulfport-Biloxi Reg'l Airport Auth.*, 97 So. 3d 68, 71 (Miss. 2012), *abrogated on other grounds by Wilcher v. Lincoln Cnty. Bd. of Supervisors*, 243 So. 3d 177 (Miss. 2018)). Rule 56 of the Mississippi Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The rule requires also that the party opposing the motion for summary judgment is to respond and "set forth specific facts showing that there is a genuine issue for trial." Miss. R. Civ. P. 56(e).

¶15.    In *Karpinsky*, we said:

> This Court has explained that "in a summary judgment hearing, '[t]he burden of producing evidence in support of, or in opposition to, [the] motion . . . is a function of [Mississippi] rules regarding the burden of proof at trial on the issues in question.'" "The movant bears the burden of *persuading* the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law." "The movant bears the burden of *production* if, at trial, he 'would [bear] the burden of proof on th[e] issue' raised." In other words, "the movant only bears the burden of production where they would bear the burden of proof at trial." Furthermore, "summary judgment is 'appropriate when the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."'"

*Karpinsky*, 109 So. 3d at 88-89 (alterations in original) (citations omitted).

8

¶16. "Recovery in a negligence action requires proof by a preponderance of the evidence of the conventional tort elements: duty, breach of duty, proximate causation, and injury (*i.e.*, damages)." ***Palmer v. Biloxi Reg'l Med. Ctr., Inc.***, 564 So. 2d 1346, 1354 (Miss. 1990) (citing ***Phillips ex rel. Phillips v. Hull***, 516 So. 2d 488, 491-92 (Miss. 1987), *overruled on other grounds by **Whittington v. Mason***, 905 So. 2d 1261 (Miss. 2005)). The trial judge determined that the plaintiff had presented sufficient evidence to establish a *prima facie* claim of negligence against both defendants. Regarding MDOT's duty and breach, the trial judge determined that MDOT's duty to warn was pursuant to Mississippi Code Section 63-3-305, *i.e.*, to comply with Manual on Uniform Traffic Control Devices (MUTCD), and that the plaintiff had presented sufficient evidence of MDOT's failure to warn. Giving deference to the plaintiff, as he was required to do, the trial judge determined that Joe McGee Construction Company had a duty to warn because the victim's death occurred in a construction zone in which Joe McGee was the contractor. As for causation, the trial judge stated that

> [t]o support the element of causation, Plaintiff relies on the testimony of Bogan and Holcomb[2] to show that south on Hwy 245, between 11:00 p.m. on June 3, 2018 and 6:30 a.m. on June 4, 2018 [sic]. Additionally, Plaintiff contends that the testimony of Bogan and Holcomb show that MDOT and JMC [(Joe McGee Construction Company)] failed to provide sufficiently numbered and visible TTC devices between CR 506 and the closed road heading south on Hwy 245. While this testimony of sufficiency is heavily disputed, the [c]ourt must view the testimony in the light most favorable to the Plaintiff and give it the benefit all reasonable inferences therefrom. With that in mind, this

---

[2]Both Eddie Bogan, a friend of Hattie Brown, and Gerald Holcomb, the person who discovered Hattie Brown's body, testified that there were no warning signs present at the intersection of Highway 245 and County Road 506.

[c]ourt finds that Plaintiff has established a sufficient basis for the element of causation in her negligence claim against MDOT.

The trial judge determined the same was sufficient to establish that Joe McGee Construction Company provided legally insufficient notice, which satisfied the elements of breach and causation. Unlike the majority, the trial judge recognized that, despite the defense challenge to the testimony of the plaintiff's witnesses, viewing the plaintiff's evidence in her favor, she established a *prima facie* case of negligence.

¶17.    I disagree with the majority that "no competent summary judgment evidence in the record before us supports that any breach of any duty on the part of the Department or McGee Construction caused the collision." Maj. Op. ¶ 10. Viewing the evidence in the light most favorable to the plaintiff, the trial judge determined that enough evidence was presented to survive summary judgment. I agree.

**KING, P.J., JOINS THIS OPINION.**