519 So.2d 413 (1988)
Mabeline GRISHAM
v.
JOHN Q. LONG V.F.W. POST, NO. 4057, INC.
No. 58225.
Supreme Court of Mississippi.
January 6, 1988.
Rehearing Denied February 17, 1988.
*414 Linda S. Laher and Talmadge D. Little-john, New Albany, for appellant.
Lester F. Sumners, Sumners, Carter, Trout & McMillin, New Albany, for appellee.
Before HAWKINS, P.J., and PRATHER and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
Mabeline Grisham (hereinafter Mabeline) filed a complaint in the Circuit Court of Lee County against Hazel Williams Grisham (hereinafter Hazel) and V.F.W. Post No. 4057, Inc. (hereinafter V.F.W.). In that complaint Mabeline alleged that Hazel had assaulted her just outside the door of the V.F.W. Post, and that the V.F.W. had breached its duty to keep its premises in a reasonably safe condition. The trial court granted summary judgment in favor of the V.F.W., and Mabeline appeals. Mabeline's action against Hazel is not involved in the instant appeal.

FACTS
Mabeline and Hazel were both ex-wives of the same man. On November 10, 1984, both of the women went separately to a dance at the V.F.W. Post in Tupelo, Mississippi. The Post sold beer, and patrons often brought their own liquor. That night Hazel had a bottle of Canadian Mist Whiskey with her. According to Mabeline's testimony, she and Hazel bumped into each other on the dance floor at some time during the evening.
At approximately 12:45 a.m., Mabeline exited the V.F.W. Post. Just after Mabeline stepped outside, Hazel, who was standing to the right of the steps outside the door, struck her with a bottle enclosed in a brown paper bag. According to Mabeline, Hazel struck her twice, and the attack was unprovoked. Hazel claimed, however, that she struck Mabeline only once, and that she did so only after Mabeline called her a son-of-a-bitch.
Estelle Dillard, who was with Mabeline that night, helped Mabeline walk to the car in which they had come. As Mabeline stood by the car, Marty Williams, a drummer in the band that had played for the dance, walked by and noticed that Mabeline was hurt. He asked his friend Michael Johnson to go back inside the V.F.W. Post and request that the officials help Mabeline. The V.F.W. officials said they were "too tied up to come out." Estelle Dillard and Mabeline then drove to the hospital, with Mabeline driving at least part of the way. As a result of the blows, Mabeline suffered what she described as a "blood clot." The record also indicates that Mabeline was treated by an "eye doctor" after the incident.
Mabeline filed suit against the V.F.W., alleging that the V.F.W. was negligent in the following particulars:
(a) In failing to keep its premises in a reasonably safe condition;
(b) In failing to properly light the outside premises of the said lodge so as to protect any guests or patrons thereof from physical harm;
(c) In failing to provide security personnel so as to protect any guests or patrons of the lodge from physical harm;
(d) In failing to supervise and regulate the conduct and activities of its patrons using said lodge so as protect any guests or patrons therein from physical harm;
(e) In failing to assist [Mabeline] when she called for help when the accident described aforesaid occurred;
(f) In failing to use ordinary care toward accidents, injuries or altercations for those entering upon and departing *415 from its premises as guests or patrons, and particularly to [Mabeline];
(g) In failing to exercise due care in the discharge of its responsibilities to prevent such incidents (as that which is the subject of this suit) at and in said lodge so as to protect any guests or patrons of the lodge from physical harm, including [Mabeline] on the date in question;
(h) In allowing an atmosphere and environment of violence to develop or exist on its premises that was detrimental to the safety of its patrons and guests, before and during the incident that is the subject of this procedure.
On the motion of the V.F.W., the trial court entered summary judgment in favor of the V.F.W.
Mabeline appeals, assigning three (3) errors:
I. The Lower Court Erred in Sustaining V.F.W.'s Motion for Summary Judgment Thereby Relieving it of any Liability to the Plaintiff, Mabeline Grisham, Based on Present Mississippi Law;
II. That the Duty Owed was that of (sic) a Business Invitee With a Duty to Inspect, Make Safe and Warn the Invitee of any Latent Dangers;
III. That From Past Conduct of Patrons of V.F.W. Club, the Proprietors (Defendant) Knew or Should Have Known That Due to the Character of the Business and the Persons Who Patronized the Same That Criminal Conduct Was Likely and Should Have Taken Precautions Against It and Had a Reasonably Sufficient Number of Employees to Afford Reasonable Protection.
Because the trial court correctly granted the V.F.W.'s motion for summary judgment, we affirm.
Miss.R.Civ.P. 56(c) provides, in pertinent part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
The motion for summary judgment is the functional equivalent of the motion for directed verdict made at the close of all the evidence, the difference being that the motion for sumary judgment occurs at an earlier stage. Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986); Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). In deciding the motion, the trial court should view all the evidence  pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any  in the light most favorable to the non-moving party. If, when the evidence is viewed in this light, it is apparent that the moving party is entitled to judgment as a matter of law, the motion should be granted. If not, it should be denied. Pittman v. Ladner, 512 So.2d 1271 (Miss. 1987); Brown, 444 So.2d at 362.
Summary judgments should be granted with great caution. Smith, 485 So.2d at 1054; Brown, 444 So.2d at 363. The Comment to Rule 56 provides that "the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried." Brown, 444 So.2d at 362. When there is doubt as to whether a genuine issue of material fact exists, the non-moving party should be given the benefit of that doubt, and the motion should be denied. Id.
In spite of this requirement of caution in granting summary judgment, this Court has held that the non-moving party must be diligent in opposing the motion for summary judgment. Smith v. H.C. Bailey Companies, 477 So.2d 224, 233 (Miss. 1985); Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749 (Miss. 1984). Moreover, in order for summary judgment to be inappropriate, there must be genuine issues of material fact; the existence of a hundred contested issues of fact will not thwart summary judgment where none of them is material Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985). A fact issue is material if it tends to resolve any of the issues properly raised by the parties. Pearl River County Bd. of Sup'rs v. *416 South East Collections Agency, Inc., 459 So.2d 783 (Miss. 1984).
We have addressed one particular procedural setting in which summary judgment is often an issue. Where a party opposes summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, and when the moving party can show a complete failure of proof on an essential element of the claim or defense, then all other issues become immaterial, and the moving party is entitled to judgment as a matter of law. Galloway et al. v. The Travelers Insurance Co. et al., 515 So.2d 678 (Miss. 1987) (petition for rehearing pending on other issues); Millican v. Turner, 503 So.2d 289 (Miss. 1987); Celotex Corp. v. Catrett, 477 U.S. 317, 321-24, 106 S.Ct. 2548, 2252-53, 91 L.Ed.2d 265, 273 (1986). In Galloway, this Court quoted with approval the following language from the Celotex decision:
In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.
Galloway, at 683.
In order to determine whether summary judgment was appropriate in the case at bar, we examine the pleadings, depositions, admissions, answers to interrogatories, and affidavits to determine whether Mabeline made a showing sufficient to survive the V.F.W.'s motion for summary judgment.

WHAT MUST MABELINE PROVE IN ORDER TO PREVAIL AGAINST V.F.W. ON A NEGLIGENCE THEORY?
The elements of negligence, which Mabeline would be required to prove at trial, are
1) a duty owed by the defendant to the plaintiff;
2) a breach of that duty;
3) damages; and
4) a causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.
Burnham v. Tabb, 508 So.2d 1072 (Miss. 1987); Boyd v. Lynch, 493 So.2d 1315 (Miss. 1986); Marshall v. The Clinic for Women, P.A., 490 So.2d 861 (Miss. 1986).

WHAT WAS V.F.W.'S DUTY TO MABELINE?
We have never considered the duty of one selling alcohol on the premises to protect its patrons from assaults by other patrons. However, we have considered the duty of the owner of a fast-food restaurant to protect its patrons from being attacked in the restaurant's parking lot. In Kelly v. Retzer and Retzer, 417 So.2d 556 (Miss. 1982), we concluded that such an establishment owes its patrons a duty to exercise reasonable care for their safety. 417 So.2d at 560.
Kelly, however, did not involve the sale of alcoholic beverages. In the instant case, the V.F.W. usually sold beer and was in fact selling it the night of the assault. Moreover, patrons of the V.F.W. were allowed to bring their own bottles; indeed, Hazel Grisham had a bottle of whiskey with her on the night in question. Numerous jurisdictions have considered the duty of a bar keeper or tavern keeper to protect patrons from assaults, and in almost all of those decisions the duty has been described as follows: the keeper of a bar or tavern, though not an insurer of his guests' safety, has a duty to exercise reasonable care to protect them from reasonably forseeable injury at the hands of other patrons. Annotation at 43 A.L.R. 4th 281 and cases collected therein. Authorities indicate, however, that the owner can be liable only where he had cause to anticipate the wrongful or negligent act of the unruly patron. C.J.S. Negligence 63(118) and 63(127). The requisite "cause to anticipate" *417 the assault may arise from 1) actual or constructive knowledge of the assailant's violent nature, or 2) actual or constructive knowledge that an atmosphere of violence exists in the tavern. Sucanick v. Clayton et al., 152 Ariz. 158, 730 P.2d 867 (Ct.App. 1986); Hall v. Billy Jack's, Inc., 458 So.2d 760 (S.Ct.Fla. 1984).
The V.F.W., though not an insurer of Mabeline's safety, had a duty to exercise reasonable care to protect her from reasonably forseeable injury at the hands of another.
Assuming, without deciding that Mabeline made a showing sufficient to establish that the assault was forseeable and that the V.F.W. therefore had a duty to prevent it, we nevertheless conclude that she has made absolutely no showing of proximate cause. The proximate cause of an injury is that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury, and without which the result would not have occurred. Thompson v. Mississippi Cent. R. Co., 175 Miss. 547, 166 So. 353 (1936). "Proximate cause arises when the omission of a duty contributes to cause the injury." Clayton v. Thompson, 475 So.2d 439, 445 (Miss. 1985).
It is in light of this standard that we consider Mabeline's evidence. When asked how the presence of more lights at the door would have prevented the attack, Mabeline responded that Hazel "might have thought somebody would have seen her plainer and would identify her." Mabeline admitted, however, that both she and her companion recognized Hazel even in the lighting which Mabeline claimed was inadequate. Similarly, as to her claims that the V.F.W. should have provided better lighting, hired security guards, and maintained a less violent atmosphere, Mabeline has made absolutely no showing that any of those omissions was the proximate cause of the attack. Mabeline has utterly failed to make any showing as to an essential elements of her claim, proximate cause. Therefore, under the rule set forth in Galloway and Celotex, summary judgment in favor of the V.F.W. was appropriate.

IS THE V.F.W. LIABLE FOR ITS FAILURE TO ACT ONCE IT LEARNED OF 
MABELINE'S INJURIES?
When the record is viewed in the light most favorable to Mabeline, it indicates that the V.F.W. officials were asked to help her after the attack, and that they replied they were "too tied up" to help. We are of the opinion that the V.F.W. officials had an affirmative duty to aid Mabeline once they learned that she had been injured on V.F.W. premises. Compare, Hogan v. Cunningham, 252 Miss. 216, 226, 172 So.2d 408, 413 (1965) (driver involved in collision was negligent in failing to render such aid and assistance as he could to injured party). This duty arose out of the relationship between Mabeline and the V.F.W.
Even so, Mabeline has made absolutely no showing that this omission on the part of the V.F.W. resulted in any aggravation of her injuries. Therefore, she has failed to show any damages arising from the breach. The trial court was correct in granting summary judgment in favor of the V.F.W., even as to the V.F.W.'s failure to assist Mabeline.
As to each instance of negligence which Mabeline alleged, there was a complete failure of proof as to at least one of the essential elements of negligence. Because the trial court was correct in entering summary judgment in favor of the V.F.W., we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, P.J., concurs in result only.