I. INTRODUCTION
The primary issues addressed in this negligence case are: (1) Whether John and A. Jake Mladinich, proprietors of a Biloxi restaurant and tavern, breached their duty to provide James Lyle, the patron or invitee, with reasonable security from criminal acts committed by third parties in the business parking lot, and (2) Whether this alleged breach was the proximate cause of Lyle's injuries. In the Harrison County Circuit Court, the trial judge resolved this issue through summary judgment in favor of the Mladiniches, and Lyle appealed. This Court reverses. *Page 398 
 A.
On the evening of February 12, 1986, at approximately 11:00 p.m., James Lyle entered the parking lot of the Fiesta Night Club (hereinafter "tavern") in Biloxi. As he exited his car, someone pointed a gun in his face and told him to move over. Lyle moved to the front passenger seat; the armed person got in the driver's seat; two other individuals got in the back seat. The driver handed the gun to one of the men in the back seat and drove from the parking lot. Lyle was ordered to keep his head between his legs and was taken to a house and where he was beaten and robbed. Afterwards, he was placed in the trunk of the car, and the car was left by a junkyard where it was later found. Lyle was taken to the hospital.
The tavern is owned by John Mladinich and A. Jake Mladinich, who are brothers and business partners. The brothers also own the neighboring Sea-N-Sirloin Restaurant. The two establishments share the parking lot where Lyle was accosted. On November 17, 1987, Lyle entered his original complaint against the Mladiniches alleging that they knew, or should have known, that assaults and disturbances involving patrons had taken place in the parking lot adjacent to the tavern; that they owed a duty to the patrons of the tavern to provide reasonable security; that they were negligent in failing to do so; and that the negligence was the direct cause of injury to Lyle. Lyle demanded damages in the amount of $500,000; he later amended his complaint and demanded $1,500,000.
On June 14, 1989, the Mladiniches filed a Motion for Summary Judgment and contended that Lyle had no legal basis for recovery. The thrust of their argument was that the sole proximate cause of Lyle's injuries was an independent criminal assault and that there was no evidence to support the contention that the assault was foreseeable or that the owners were negligent in not providing patrons with security in the parking lot.
In defense of the motion, Lyle deposed the Mladiniches and offered an affidavit from Chief Frank Duggan, Records Custodian of the Biloxi Police Department. Chief Duggan's affidavit contained an exhibit which was a compilation of criminal charges filed against persons from 1981 through 1989 in the Fiesta Night Club and the adjacent parking lot.
On October 27, 1989, trial judge granted the Mladiniches' motion for summary judgment. In his opinion, the judge explained that no genuine issue of fact existed as to whether the alleged breach of duty was the proximate cause of the alleged injuries. The judge cited Hertz Corp. v. Goza, 306 So.2d 657 (Miss. 1974), for the premise "that an action could not be maintained on the basis of mere possibilities, surmise, or conjecture." The judge added that a jury would have to speculate to find proximate cause because Lyle presented no evidence to show that the presence of a guard could have prevented the assault and kidnapping. Lyle appealed.
 II. ANALYSIS A.
Miss.R.Civ.P 56(c) provides that summary judgment shall be entered by a trial judge "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All that is required of a non-movant to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under the rule.
This Court reviews de novo the decision to grant summary judgment. Short v. Columbus Rubber Gasket Co., 535 So.2d 61, 65 (Miss. 1988). The evidentiary matters are viewed in the light most favorable to the non-movant. Palmer v. Biloxi RegionalMedical Center, Inc., 564 So.2d 1346, 1354 (Miss. 1990). The trial judge's decision is reversed if a triable issue of fact exists; otherwise, the decision is affirmed. Brown v. CreditCenter, Inc., 444 So.2d 358, 362 (Miss. 1983).
In examining Lyle's case, this Court considers the traditional elements of negligence: *Page 399 
duty or standard of care, breach of that duty or standard, proximate causation, and damages or injury. May v. V.F.W. Post#2539, 577 So.2d 372 (1991); Grisham v. John Q. Long V.F.W.Post, 519 So.2d 413, 416 (Miss. 1988). Palmer, 564 So.2d at 1354. Lyle would have to establish each of these elements in order to be successful at trial. If a triable issue of fact regarding each of these elements exists, then the summary judgment must be reversed.
 B.
Beginning with the element of duty, a proprietor (or owner or operator) of a business owes a business patron or invitee the duty to maintain the premises in a reasonably secure or safe condition. Goodwin v. Derryberry Co., 553 So.2d 40, 43 (Miss. 1989). This duty is recognized in the "slip-and-fall" area of law. However, such a duty has been expanded and modified to encompass negligent or wrongful attacks on the invitee by other patrons. The duty imposed upon a business proprietor to protect a patron from assaults by other patrons is that the business owner, though not an insurer of the invitee's safety, has a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injury at the hands of other patrons. May, supra;Grisham, 519 So.2d at 417; Kelly v. Retzer Retzer, Inc.,417 So.2d 556 (Miss. 1982); see also Annotation, 43 A.L.R.4th 281 (1986); J. Landau, C. Martin, R. Thomas, Premises Liability § 4.08 (1989). As outlined in Grisham "the requisite `cause to anticipate' the assault may arise from (1) actual or constructive knowledge of the assailant's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence exists in the tavern." 519 So.2d at 416 (citations omitted).
The instant case does not involve specific knowledge of an individual's dangerous propensity; it involves criminal activity by third persons in general.
 The issue of a business establishment's liability to a patron for criminal assault by a third party is discussed in Banks v. Hyatt Corporation, 722 F.2d 214 (5 Cir., 1984). Although Banks dealt with an innkeeper's liability, any business which invites the company of the public must take "reasonably necessary acts to guard against the predictable risk of assaults." 722 F.2d 214 at 227. Also see Walkoviak v. Hilton Hotels Corp., 580 S.W.2d 623 (Tex. App., 1979). A business proprietor owes a duty to those entering its premises to provide a reasonably safe place. Butler v. Acme Markets, Inc., 89 N.J. 270, 445 A.2d 1141 (1982). . . .
Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1369 (La. 1984).
As noted in Grisham, foreseeability may be established by "actual or constructive knowledge that an atmosphere of violence exists in the tavern." 519 So.2d at 416. This Court interprets "in the tavern" as encompassing the parking lot attendant to the building.
The important component of the existence of the duty is that the injury is "reasonably foreseeable." Courts have relied on such factors as the overall pattern of criminal activity prior to the event in question that occurred in the general vicinity of the defendant's business premises, as well as the frequency of criminal activity on the premises. Premises Liability, at § 4.08[2] 4-105. From examining the evidentiary matters, it is clear that Lyle established through the affidavit of Chief Duggan[1] that crimes against the person occurred in the area of the Fiesta Night Club.
The depositions of the Mladiniches support the conclusion that an issue of material fact as to the breach of duty exists. The Mladiniches state in their depositions that there was no security outside the premises on the night of the incident, although they had provided security in the past. Allen v. Babrab,438 So.2d 356, 357 (Fla. 1983). There was no mention of any other precautions *Page 400 
taken, except the telephoning of the police when an assault occurred.
These facts distinguish this case from May v. V.F.W. Post#2539, supra, where security attendants were present.
Whether a duty exists is a question of law. Harris v. PizzaHut of Louisiana, Inc., 455 So.2d 1364, 1371 (La. 1984). Clearly, a duty existed. Whether the Mladiniches breached their duty is an issue for the fact-finder to resolve. Allen, 438 So.2d at 357 ("Foreseeability of an intervening cause is a question for the trier of fact."); Gibson v. Avis Rent-a-CarSystem, Inc., 386 So.2d 520 (Fla. 1980). The record contains sufficient evidence to support the conclusion that a triable issue of fact exists regarding the breach-of-duty element.
There is no challenge by the defendants as to the damages element of Lyle's claim. However, the more difficult issue, the issue upon which the trial court based its decision, is that of proximate cause. Proximate cause is the connection between the breach of duty and damages and arises when the breach of a duty contributes to the injury. Clayton v. Thompson, 475 So.2d 439, 445 (Miss. 1985)
The trial judge held that there was no evidence of proximate causation — reasoning that the presence of a security person would have made no difference and that the jury would have had to speculate in order to resolve the issue. This was a close call for the judge to make and, in view of the standard of review, this Court feels compelled to hold that a triable issue of fact exists regarding the proximate-causation element. On remand, the jury must determine whether the Mladiniches' discontinuance of its previous policy of hiring security personnel to patrol the parking lot constituted a breach of duty and, if so, whether this breach proximately caused or contributed to Lyle's injuries. This opinion should not, of course, be construed as resolving the negligence issue in favor of Lyle; rather, on the basis of the evidence, Lyle is entitled to an opportunity to prove the merits of his case at a trial.
The judgment of the trial court is reversed, and the cause is remanded to the Harrison County Circuit Court for a trial on the merits.
REVERSED AND REMANDED FOR TRIAL.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
[1] It should be noted that the instances of criminal activity over the course of several years should be limited to the events prior to the incident in question and not allow subsequent events to influence the rights of the parties. LaPierre, Litchfield Partners v. Continental Casualty Co., 59 Misc.2d 20,297 N.Y.S.2d 976, 979 (1969).