657 So.2d 1110 (1995)
Karen McWILLIAMS, a Minor, By and Through Her Next Friend, Georgia SMITH
v.
CITY OF PASCAGOULA, Mississippi.
No. 92-CA-00462-SCT.
Supreme Court of Mississippi.
June 22, 1995.
As Amended on Motion for Clarification September 7, 1995.
David C. Frazier, Gordon Frazier & Roberts, Pascagoula, Jim Davis Hull, Moss Point, for appellant.
James H. Heidelberg, Colingo Williams Heidelberg Steinberger & McElhaney, Pascagoula, *1111 Jennifer L. Smith, Nashville, TN; Robert W. Wilkinson, Dogan & Wilkinson, Pascagoula, for appellee.
Before HAWKINS, C.J., and SULLIVAN and McRAE, JJ.
HAWKINS, Chief Justice.
Karen McWilliams, by and through her mother Georgia Smith, filed suit against the city of Pascagoula in the circuit court of Jackson County on June 1, 1990. The complaint alleged that the city had failed to exercise reasonable care at a dance sponsored by the city, and that the city's negligence had resulted in her suffering injuries. A jury trial was conducted in this matter on the 10th, 11th, and 12th of February, 1992, at the conclusion of which the jury returned a verdict in favor of the city. On appeal, McWilliams raises several assignments of error. While affirming on all other grounds, the judgment of the lower court is reversed due to the failure to properly instruct the jury.

FACTS
On the night of January 19, 1990, Karen McWilliams was attending a basketball game at Pascagoula High School. At the time, Karen was fourteen years old. While at the game, Karen learned that a dance at the Andrew Johnson Recreation Center was scheduled for after the game. The dance was sponsored by the City of Pascagoula.
Karen and her friends arrived at the recreation center at approximately 10:00 p.m. She paid one dollar and was allowed to enter. At that time, she observed only one adult, Tony Davis, although later she saw Michael Harris. Both Davis and Harris were employees of the city. About forty-five minutes after she arrived at the dance, Karen was attacked by one Kristy Mosley. Prior to her attack, Karen stated that there had been several other disturbances at the dance. The altercation damaged Karen's eye, and necessitated surgery to repair the injury.

LAW
Before retiring, the jury was given several general instructions on tort liability. Karen also requested that the jury receive a specific instruction on premises liability, P-5. The instruction stated:
The Court instructs the jury that an owner or operator of a business or social establishment owes a patron or invitee the duty to maintain the premises in a reasonably secure or safe condition. Though the owner is not an insurer of the invitee's safety, the duty imposed includes the responsibility to protect such invitees from all reasonably foreseeable attacks by third persons or other patrons.
The Court further instructs the jury that an attack is reasonably foreseeable if (1) the owner had actual or constructive knowledge of the assailant's violent nature, or (2) the owner had actual or constructive knowledge that an atmosphere of violence exists at the business or social establishment.
The Court further instructs the jury that if the owner breaches this duty and the patron is injured as a result thereof, and you find by a preponderance of the evidence, if any, that the breach of this duty caused or proximately caused the injury sustained by the patron, if any, then the owner is liable in either case.
The Court instructs the jury that on the night of January 19, 1990, the City of Pascagoula, Mississippi sponsored a dance at the Andrew Johnson Recreation Center located on Tucker Street in Pascagoula, Mississippi. The dance was open to the public consisting mostly of teenagers.
The judge refused her proffered instruction on this issue. She contends that this decision was erroneous.
Claims of negligence must be founded upon particular acts or omission, rather than general assertions that the defendant failed to exercise ordinary care, and jury instructions must be crafted with equal specificity. Lloyd Wood Construction Co., Inc. v. Little, 623 So.2d 968, 971 (Miss. 1993); Rucker v. Hopkins, 499 So.2d 766, 772 (Miss. 1986). Jurors may not be left to guess or speculate as to which of the defendant's acts or omissions might have been negligent. In the case at bar, Karen sought to establish a *1112 claim for premises liability, yet she was denied an instruction on the matter. The instructions which the jury did receive merely recited the basic elements of a negligence claim. They did not direct the jury's attention to the particular conduct which Karen contended was negligent. By sponsoring a dance at the recreation center, the city was under a duty to use reasonable care to protect Karen from attacks by other patrons. See Lyle v. Mladinich, 584 So.2d 397, 399 (Miss. 1991). As the jury was not instructed with regards to this duty, the judgment is reversed.[1]
We are also constrained to note that the granting of instruction D-20 was also improper. The instruction read, "the responsibility of enforcing the law and protecting persons from criminal acts rests with the police department." Under Lyle, 584 So.2d at 399, a proprietor must exercise reasonable care to protect his patrons from attacks by others. The denial of P-5 and the granting of D-20, however, left the jury with the impression that the city had no obligation to provide for Karen's safety. Given that this was a civil proceeding which in no way concerned police conduct, an instruction concerning the obligations of the police department was without evidentiary foundation and inappropriate.
For purposes of retrial, the lower court is also directed to consider whether the statements of the two city employees which Karen sought to introduce into evidence at the first trial qualify as admissions under Miss. R.Evid. 801.
REVERSED AND REMANDED.
PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] Although the city argues otherwise, P-5 accurately reflects the duty a business owes a patron. Lyle v. Mladinich, 584 So.2d 397, 399 (Miss. 1991). Additionally, there was a sufficient evidentiary basis to support the instruction. In particular, several witnesses testified that there had been fights or altercations at the center prior to the incident in question.