# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-02512-SCT

*CITIFINANCIAL RETAIL SERVICES*

*v.*

*SAMMIE HOOKS AND WINNIE HOOKS*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/06/2004 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | COVINGTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | HEATH ALAN FITE |
| | REID STEPHENS MANLEY |
| | ELIZABETH B. SHIRLEY |
| ATTORNEYS FOR APPELLEES: | DAVID SHOEMAKE |
| | AUDRY REGNAL BLACKLEDGE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 02/23/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

### PROCEDURAL HISTORY

¶1. Winnie Hooks (Winnie) and Sammie Hooks (Sammie), collectively known as "the Hookses," filed suit against Citifinancial Retail Services (CRS) in the Circuit Court of Covington County, Mississippi, on December 4, 2002, alleging breach of contract, tortious breach of contract, breach of duty of good faith and fair dealing, fraud, fraudulent inducement, negligence, gross negligence, and intentional or negligent infliction of emotional distress

regarding the purchase of a rug on a ninety days same as cash basis. The complaint was later amended to include a claim of defamation. CRS answered both complaints, and discovery ensued including the Hookses' depositions.

¶2. CRS filed a motion for summary judgment. In response, the Hookses filed affidavits that differed from the testimony given in their depositions. CRS filed its motion to strike the Hookses' affidavits because they differed substantially from and contradicted their deposition testimony, which the trial court denied. After conducting a hearing, the trial court denied the motion for summary judgment without explanation.[1] By the same order, the trial court denied CRS's ore tenus motion to certify the order for interlocutory appeal. This Court granted CRS's petition for interlocutory appeal and stayed all proceedings pending the interlocutory appeal. On appeal, CRS contends the trial court erred in denying its motion for summary judgment.

## FACTS

¶3. CRS, a division of Citicorp Trust Bank, FSB, is a foreign corporation doing business in the State of Mississippi. Winnie is a high school graduate who is able to read and write and owns her own business, Hooks Fitness Center. Sammie is also a high school graduate who can read and write and owns his own contracting business. The Hookses are resident citizens of Covington County, Mississippi.

---

[1] By separate order entered, the trial court granted partial summary judgment to CRS ordering that the Hookses' claims for damages in excess of $75,000 were dismissed as a matter of law. This order is not in dispute on appeal.

¶4.     In the Hookses' complaint and amended complaint, they erroneously listed the purchase date of the rug as August 29, 1999. Winnie testified in her deposition that she did not remember the date she purchased the rug. The sales receipt clearly disputes the August 29 date in the complaint, showing instead that the purchase occurred on August 18, 1999. When questioned, Winnie could not dispute the date she purchased the rug after examining the receipt. Since this case involves the expiration of the ninety days same as cash promotion and the imposition of interest and deferred interest, this is a critical fact surrounding CRS's motion for summary judgment.

¶5.     The Hookses purchased a rug and entered into a contract to pay on a ninety days same as cash basis. A sales receipt in Sammie's name from Anderson's Rug Market in Hattiesburg, Mississippi, stated the purchase transpired on August 18, 1999. The sales receipt contained an itemization of the purchases: $625.00 for the rug, $109.00 for a rug stay, and $51.38 in taxes, totaling $785.38.[2] Payment was indicated as being made by Traveler's Bank, and the receipt listed an account number. The "payment" receipt signed by Winnie stated the rug was purchased for $785.35 on August 18, 1999, from Anderson's Rug Market. The "payment" receipt stated the Traveler's Bank account number and "3 months no pay."

¶6.     Furthermore, Tiffany Rainey, the Hookses' granddaughter, testified in her deposition that she was with Winnie when Winnie purchased the rug from Anderson's Rug Market on

---

[2] While this receipt stated $785.38, all other documents contain the amount $785.35, the amount stated in the receipt signed by Winnie. No issue is made of the slight discrepancy.

August 18, 1999. On examination by CRS's attorney, Rainey testified she was positive the purchase occurred on August 18, 1999. Again on examination by the Hookses' attorney, Rainey maintained she was 100% positive the rug was purchased on August 18, 1999.

¶7.  In her deposition, Winnie testified, "ninety days same as cash. That's not hard to understand." Mathematically, ninety days calculated from August 18, 1999, was November 16, 1999.

¶8.  CRS presented copies of the September and October 1999 monthly billing statements addressed to the Hookses. No allegation was made that the statements listed an incorrect mailing address. The September 1999 billing statement contained language that the transaction occurred on August 18, 1999, the payment due date was September 29, 1999[3], to avoid finance charges of $9.29 the balance of $785.35 must be paid no later than November 16, 1999, and to allow seven days mailing time to ensure timely crediting of their account. The statement provided that the annual percentage interest rate was 24%, at the daily periodic rate .06575%, on the unpaid balance.

¶9.  The October 1999 billing statement stated the transaction occurred on August 18, 1999, the payment due date of October 29, 1999, to avoid finance charges of $24.78 the balance of

---

[3] The statement provided a due date for the 29th of the month even though it was sent during the ninety days period. Likewise, the October 1999 billing statement contained similar language regarding a due date on the 29th of the month. The statements also contain language regarding the expiration of the ninety days same as cash promotion ending on November 16, 1999, and allowing seven days for mailing time.

4

$785.35 must be paid no later than November 16, 1999, and to allow seven days mailing time to ensure timely crediting of their account.

¶10.    In their depositions the Hookses testified they did not know whether they received the September and October 1999 billing statements.    However, in their affidavits subsequently prepared in response to CRS's motion for summary judgment, the Hookses stated they did not receive the statements.[4]

¶11.    The Hookses acknowledged they received the November 1999 billing statement from CRS.   However, a complete copy of the November statement is not in the record.   The record contains a copy of a portion of the November billing statement and a check from Winnie in the amount of $785.35.   The portion of the November statement contained in the record stated that payment is due November 29, 1999.[5]

¶12.    The Hookses maintain that the November billing statement provided a payment due date of November 29, 1999.  Winnie's check made payable to Citifinancial Retail Services in the amount of $785.35 was dated November 15, 1999.   CRS's records provide that the check was processed on November 22, 1999.[6]

---

[4] "There is a presumption that mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed." ***Thames v. Smith Ins. Agency, Inc.***, 710 So. 2d 1213, 1216 (Miss. 1998).

[5] *See* footnote 4.

[6] Also contained in the record is a December 1999 billing statement indicating the November 22nd payment of $785.35, deferred finance charges owned $40.78, and current finance charges $8.77 with a payment due date of December 29, 1999.

¶13. CRS presented an affidavit from Donna Koss, Director of Operations for Citifinancial Retail Services Division of Citicorp Trust Bank, FSB. In her affidavit, Koss stated that the November 1999 billing statement from which the Hookses made their payment contained the same information and language as the September and October 1999 billing statements.

¶14. Koss stated the November statement, like the other billing statements in September and October, would have disclosed that the date of purchase was August 18, 1999, that the expiration date for the ninety day "no pay/same as cash" promotion expired November 16, 1999, and a payment due date. Koss's affidavit further provided that each statement stated that if the total remaining principal was not received by the promotion expiration date, the accruing finance charges would assess and bill as part of the total balance due on the account. Koss stated that the date on which the promotion expired was not related to the payment due date on the billing statement.

¶15. The Hookses state that in the year 2000, they began receiving notices that interest and charges were accruing on their account because of the late payment. CRS billed the Hookses for the deferred interest for the ninety day period, current interest on the unpaid balance, and a monthly late charge. Subsequently, the Hookses received calls from a collection agency regarding their overdue CRS account. The Hookses alleged that in 2002, 2003 and 2004, they attempted to acquire loans from Union Planters' Bank which were denied in part by Citifinancial reporting them to credit agencies for failure to pay.

## DISCUSSION

¶16. This Court applies a de novo standard of review on appeal from a denial of summary judgment by the trial court. *Saucier ex rel. Saucier v. Biloxi Reg'l Med. Ctr.,* 708 So. 2d 1351, 1354 (Miss. 1998). *See also Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 232 (Miss. 2001); *Russell v. Orr*, 700 So. 2d 619, 622 (Miss. 1997); *Richmond v. Benchmark Constr. Corp.*, 692 So. 2d 60, 61 (Miss. 1997); *Northern Elec. Co. v. Phillips*, 660 So. 2d 1278, 1281 (Miss. 1995).

¶17. Rule 56(c) of the Mississippi Rules of Civil Procedure provides that summary judgment shall be granted by a court if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . ." M.R.C.P. 56 (c); *see Saucier*, 708 So. 2d at 1354. The moving party has the burden of demonstrating there is no genuine issue of material fact while the non-moving party should be given the benefit of every reasonable doubt. *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990). *See also Heigle v. Heigle*, 771 So. 2d 341, 345 (Miss. 2000). A fact is material if it "tends to resolve any of the issues properly raised by the parties." *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995).

¶18. "If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied." *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393 (Miss. 2001). "Issues of fact sufficient to require denial of a motion for

summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." ***Tucker***, 558 So. 2d at 872.

> Of importance here is the language of the rule authorizing summary judgment 'where there is no genuine issue of *material* fact.' The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense...the existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.

***Simmons v. Thompson Mach. of Miss., Inc.***, 631 So. 2d 798, 801 (Miss. 1994)(citing ***Shaw v. Burchfield***, 481 So. 2d 247, 252 (Miss. 1985)). The evidence must be viewed in the light most favorable to the non-moving party. *See **Russell***, 700 So. 2d at 622; ***Richmond***, 692 So. 2d at 61; ***Northern Elec. Co.***, 660 So. 2d at 1281; ***Simmons,*** 631 So. 2d at 802; ***Tucker***, 558 So. 2d at 872.

¶19. To avoid summary judgment, the non-moving party must establish a genuine issue of material fact within the means allowable under the Rule. ***Richmond***, 692 So. 2d at 61 (citing ***Lyle v. Mladinich,*** 584 So. 2d 397, 398 (Miss. 1991)). "If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise the decision is affirmed." ***Richmond***, 692 So. 2d at 61.

¶20. The crucial fact in this case is the date the purchase occurred. The date of purchase began the time running on the ninety days same as cash financing promotion. The record reveals that the purchase occurred on August 18, 1999. Ninety days from August 18, 1999, was November 16, 1999. Therefore, the Hookses should have paid the account in full by

November 16, 1999. However, the payment was not received by November 16, 1999. The record reflects that CRS processed the payment on November 22, 1999. That is more than ninety days from the date of the purchase.

¶21. Regardless of the dispute about whether the Hookses received the September 1999 and the October 1999 billing statements, the fact remains that the Hookses bore the burden, not the finance company CRS, to ensure that their payment was received in time not to exceed ninety days from the date of the purchase. The Hookses' complaint is very telling as to what happened. The complaint stated the purchase occurred on August 29, 1999. Had that been what occurred, the Hookses' payment received on November 22, 1999, would have been timely to avoid the deferred interest charges for the ninety days. However, as discussed previously in great detail, the subsequent discovery disproved that allegation in the complaint. An examination of the record reveals there is no dispute the purchase occurred on August 18, 1999. As such, there exists no issue of a material fact. The trial court erred in not granting summary judgment in favor of CRS.

¶22. Winnie testified in her deposition that she had never calculated the ninety day period in which she could have paid for her purchase without incurring any interest charges. She testified that she understood the payment due date to be ninety days same as cash. She stated that she thought the payment was due on the ninetieth day from the date of the purchase. Winnie testified she had no evidence that CRS received her payment on or before November

9

16, 1999. She testified that she did not recall the date of the purchase and listed August 29, 1999, as the purchase date in her complaint and in the first amended complaint.[7]

¶23. Sammie testified in his deposition that he was unaware of when Winnie purchased the rug, but that he was aware she purchased the rug on a ninety day same as cash program. He testified he understood how ninety days same as cash worked. He acknowledged he understood that if payment was made after ninety days, the interest would be charged from the time of the purchase.

¶24. At the motion for summary judgment hearing, CRS argued that everyone understood it was a ninety days same as cash transaction; the purchase occurred on August 18, 1999; and payment was not made until after ninety days had expired. The Hookses argued the payment due date on the November 1999 billing statement caused confusion because the rug was purchased in August, and the statement came in November. At the conclusion of the hearing, the trial court denied the motion for summary judgment without explanation. An order denying the motion was entered December 7, 2004.

¶25. We find the trial court erred in denying CRS's motion for summary judgment. CRS has demonstrated there is no genuine issue of material fact for trial, and CRS is entitled to judgment as a matter of law. *See **Williamson ex rel. Williamson***, 786 So. 2d at 393.

---

[7] Had the purchase occurred on August 29th, then unquestionably the Hookses' payment would have satisfied the ninety days same as cash to avoid interest charges. Winnie testified that because she could not recall the purchase date she used the payment due date of the 29th on the statement to determine the purchase date. As stated in Koss's affidavit, payment due date is not the same as the date that the ninety days same as cash promotion ended to avoid paying interest charges.

## CONCLUSION

¶26. For the reasons stated herein, the judgment of the Circuit Court of Covington County denying summary judgment to CRS is reversed and judgment rendered in favor of CRS finally dismissing the amended complaint with prejudice.

¶27. **REVERSED AND RENDERED**.

**SMITH, C.J., WALLER, P.J., CARLSON AND DICKINSON, JJ., CONCUR. COBB, P.J., CONCURS IN RESULT ONLY. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**