ROBERTS, J.,
for the Court.
SUMMARY OF THE CASE
¶ 1. In 1922, Sones Chapel Baptist Church was deeded the land upon which its sanctuary had stood for more than twenty years. As-it turned out, the legal description in the deed was inaccurate, and in 1978 the original grantor’s successors in interest agreed to a deed exchange to correct the inaccuracy. Included in the deed back to the Church was a reverter clause stipulating that if the Church “cease[d] to be used as a place for Landmark Missionary-Baptist Ministry, or of like faith and order,” the property would revert back to the grantors.
*834 ¶ 2. In 2004, a minority of the Church’s members became dissatisfied with the current state of the Church and requested a trustee of the Church to enforce the re-verter clause and deed the property back to the grantors. In agreement with the minority, the trustee obliged the group, and the Church received a notice to vacate the property. The Church responded by filing its complaint with the Chancery Court of Pearl River County arguing that the trustee had no authority to transfer Church property and the reverter clause was void, and eventually filed a motion for summary judgment arguing the same. After considering arguments on summary judgment, the chancellor granted the Church’s motion for summary judgment. After the trial court denied the appellant’s motion for reconsideration, this appeal followed, raising the following issues:
I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT CHARLES LUMPKIN ACTED WITHOUT AUTHORITY AS TRUSTEE ON BEHALF OF SONES CHAPEL BAPTIST CHURCH.
II. WHETHER THE TRIAL COURT ERRED IN “CANCELING AS A CLOUD ON THE TITLE OF THE CHURCH” THE REVERT-ER CLAUSE CONTAINED IN THE QUITCLAIM DEED WHICH IS RECORDED IN LAND DEED BOOK 296 AT PAGE 342 OF THE LAND RECORDS OF PEARL RIVER COUNTY, MISSISSIPPI.
III. WHETHER THE TRIAL COURT ERRED IN SETTING ASIDE, CANCELING AND HOLDING FOR NAUGHT THE QUITCLAIM DEED EXECUTED BY CHARLES LUMPKIN ON SEPTEMBER 20, 2004, AND RECORDED IN LAND DEED BOOK 860 AT PAGE 254 OF THE LAND RECORDS OF PEARL RIVER COUNTY, MISSISSIPPI.
Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 3. On November 23, 1922, Mrs. Lou V. McClure executed a warranty deed to the Sones Chapel Baptist Church, an organized religious society which has existed and occupied the real property located on the land in question since 1882. The 1922 deed was a fee simple conveyance of the land to the Church and did not contain a reverter clause or other restrictions. Subsequently, in 1978 it was discovered that the legal description contained in the 1922 deed was incorrect.
¶ 4. To remedy the situation, the Church and Mrs. McClure’s successors in interest, Leo V. Sones and his wife, Laura Davis Sones, agreed to exchange deeds. To that end, a resolution was approved by the Church authorizing certain Church trustees, one of which being Charles Lumpkin, to exchange' deeds with the Soneses in order to correct the erroneous description contained within the 1922 deed. In accordance with this resolution, the Church trustees did execute a deed to the Soneses on September 13, 1978, conveying to them the land described in the 1922 deed, with the understanding that the Soneses would, in turn, execute a deed with a more accurate description of the land-upon which the Church buildings stood. That same day the Soneses did execute a deed conveying to the trustees of the Church the correctly described land, but included the following clause:
In trust, that said premises shall be used, kept and maintained as a place of divine worship of the Landmark Mis *835 sionary Baptist Ministry, or of life faith and order, and it- being understood and agreed that should the property described herein cease to be used as a place for Landmark Missionary Baptist Ministry, or of like faith and order, the land with all rights conveyed hereto, shall revert to Grantors or their heirs. Grantees shall have a period of six (6) months after said property ceases to be used for the said ministry to remove any and all buildings located on said property-
The 1978 deed conveying-the correctly described land back to the Church concluded with,
This deed is given to correct the description contained in that certain deed from Mrs. Lou V. McClure to Sones Chapel Baptist Church, dated November 23, 1922, recorded in Book 29, Page 324 of the Land Deed Records of Pearl River County, Mississippi; said land having been incorrectly described in said deed.
¶ 5. Several years passed, and in 2004, a minority of the Church membership became disgruntled with the pastor of the Church and attempted to vote him out. This effort failed by a large margin and the minority quit attending services at the Church. In September 2004 members of the minority convinced Lumpkin, the only living trustee named in the 1978 deed, that the Church had violated the terms of the reverter clause and that he should quitclaim deed the property back to Laura Sones. Stating that he knew, based upon personal knowledge and member affidavits, that the Church was no longer affiliated with the Landmark Missionary Baptist Association, Lumpkin signed the 2004 deed conveying the property back to Laura Sones.
¶ 6. Following receipt of a notice to vacate property from Sones’ attorney, the Church, by and through its clerk and trear-surer, Adrain Lumpkin Jr., filed its complaint on December 8, 2004, with the Chancery Court of Pearl River County alleging that it was the rightful owner of the property and requesting the court to cancel and set aside the reverter clause as it was a cloud on the Church’s title. After initial discovery was completed, the Church filed a motion for summary judgment on July 20, 2005, to which Sones filed her response on September 19, 2005. The final judgment of the trial court was filed on September 28, 2005. Within its judgment, the court held that Lumpkin executed the deed without proper authority, set aside the 2004 deed, and canceled the re-verter clause as a cloud on the Church’s title for lack on compliance with Mississippi Code Annotated Section 79-11-31 (Rev. 2001). Sones then filed a motion for reconsideration on September 30, 2005, which was denied on October 4, 2005. Sones filed her appeal on November 1, 2005.
STANDARD OF REVIEW
¶ 7. This Court applies a de novo standard of review to the trial court’s grant of summary judgment. Stuckey v. Provident Bank, 912 So.2d 859(¶8) (Miss.2005). Rule 56(c) of the Mississippi Rules of Civil Procedure states that summary judgment shall be granted by a court if “the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the non-moving party should be given the benefit of every reasonable doubt. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss. 1990).
*836 ¶ 8. “If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied.” Williamson ex rel. Williamson v. Keith, 786 So.2d 390(¶ 10) (Miss.2001). Furthermore, the evidence must be viewed in the light most favorable to the non-moving party. Tucker, 558 So.2d at 872. To avoid summary judgment, the non-moving party must establish a genuine issue of material fact within the means allowable under the Rule. Lyle v. Mladinich, 584 So.2d 397, 398 (Miss.1991).
ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN “CANCELING AS A CLOUD ON THE TITLE OF THE CHURCH” THE REVERTER CLAUSE CONTAINED IN THE QUITCLAIM DEED WHICH IS RECORDED IN LAND DEED BOOK 296 AT PAGE 342 OF THE LAND RECORDS OF PEARL RIVER COUNTY, MISSISSIPPI.
¶ 9. Despite the lack of any argument that the deed was not valid, Sones argues that she and her husband “were exercising their right as owners of the property to include deed restrictions” and such deed restrictions should be upheld as the Sones-es did not prohibit the trustees from familiarizing themselves with the restrictions. While it is clear that the Church has been the owner of the subject property since execution of the 1922 deed, the trustees’s familiarization, or lack thereof, is not decisive on the issue of the validity of the reverter clause.
¶ 10. Mississippi Code Annotated Section 79-11-31(1) (Rev.2001) states, in pertinent part,
Upon the completion of the organization of any such society, the title to the real property theretofore owned by it shall thereupon vest in the society as hereunder organized, and shall not be divested out of the same, or encumbered, except by a deed, deed of trust, or mortgage duly executed under the authority of a resolution adopted by a majority vote of the members present at a meeting duly called for that purpose, at which meeting at least twenty per cent (20%) of the members in good standing of such organized society must be present. The minutes of such meeting shall be entered in the official record book of such society, and the aforesaid resolution shall designate which officers, trustees or managers of such society are to execute such deed, deed of trust, or mortgage.
The provisions of this subsection shall also apply to all real property acquired by any such society after its organization hereunder.
Miss.Code Ann. § 79-ll-31(l)(Rev.2001). A condition subsequent has- been said to render a vested estate liable to be defeated. Burnham v. Jackson, 379 So.2d 931, 933 (Miss.1980). All that remains in the grantor, or his heirs, is a “mere possibility of reverter or right of entry on condition broken.” Id. A reversionary interest to the grantor or ‘his heirs is a vested interest. Columbus & Greenville Ry. Co. v. City of Greenwood, 390 So.2d 588, 590 (Miss.1980).
¶ 11. As mere as these future interests may be, they create the possibility that the Church’s real property may be divested without the resolution required by Section 79-11-31. As such, for the clause in question to have been rightfully included in the 1978 deed, a resolution must have specifically authorized the clause. This would be so whether the Soneses would *837 have been the rightful owners of the land upon which the Church stood before the exchange of deeds or not. As stated above, the resolution did not authorize the clause or any such restrictions, but only an exchange of deeds to correct an inaccurate description of the land upon which the Church had stood for more than a century. Therefore, as the chancellor did not err in holding the clause cancelled as a cloud on the title of the Church, this issue is without merit.
II. WHETHER THE TRIAL COURT ERRED IN FINDING THAT CHARLES LUMPKIN ACTED WITHOUT AUTHORITY AS TRUSTEE ON BEHALF OF SONES CHAPEL BAPTIST CHURCH.
III. WHETHER THE TRIAL COURT ERRED IN SETTING ASIDE, CANCELING AND HOLDING FOR NAUGHT THE QUITCLAIM DEED EXECUTED BY CHARLES LUMPKIN ON SEPTEMBER 20, 2004, AND RECORDED IN LAND DEED BOOK 860 AT PAGE 254 OF THE LAND RECORDS OF PEARL RIVER COUNTY, MISSISSIPPI.
¶ 12. Having held that the reverter clause was rightfully cancelled, Sones’s remaining issues are without merit as Lump-kin’s authority, if any, to quitclaim deed the property to Sones would have been based on a duly authorized reverter clause.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. CARLTON, J., NOT PARTICIPATING.