ISHEE, J.,
 

 for the Court.
 

 ¶ 1. Following the failure of Nancy Lott or her attorney to appear at a hearing on a motion for summary judgment, the Circuit Court of Lamar County granted the motion in favor of Harris D. Purvis and BRJ, Inc. (BRJ). Lott now appeals from the circuit court’s order granting summary judgment in favor of Purvis and BRJ. She argues only one issue — the circuit court erred as matter of law in granting the motion. Finding Lott’s argument to be without merit, we affirm the judgment of the circuit court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On January 25, 2007, Lott filed a complaint in circuit court alleging that the negligence of Purvis caused her injuries. The complaint further alleged that Purvis was acting in the scope of his employment for Keithco Petroleum, Inc. (Keithco).
 

 ¶ 3. Lott alleged in the complaint that on the day of the accident, she was stopped in the parking lot of a Chevron station in Lamar County, Mississippi. While stopped, the defendant, Purvis, allegedly operated his eighteen-wheeler tanker truck in a negligent manner so that he backed it into the stopped vehicle occupied by Lott. According to Lott, Purvis failed to make sure the path behind him was clear before backing up the truck. It was Lott’s original belief that the truck driven by Purvis was owned by Keithco. Lott claimed that the vehicle she was driving sustained damage and that she suffered bodily injury because of the accident.
 

 ¶ 4. Following a motion for summary judgment filed by Keithco, the parties agreed to allow Lott to amend her complaint to substitute BRJ for Keithco as a defendant. Thereafter, BRJ and Purvis filed-a second motion for summary judgment. In that motion, Purvis and BRJ
 
 *791
 
 argued that Lott failed to produce any evidence that the accident with Purvis in any way caused her injuries. More specifically, Purvis and BRJ argued that Lott failed to designate any witnesses by the deadline to do so and that her medical records did not establish a causal connection between the alleged negligent conduct and Lott’s alleged injuries.
 

 ¶ 5. The circuit court held a hearing on Purvis and BRJ’s second motion for summary judgment. However, neither Lott nor her attorney attended the hearing, and the circuit court granted summary judgment in favor of Purvis and BRJ. Not only did she fail to attend the hearing on the motion for summary judgment, but Lott never responded to the motion until after the circuit court had granted it. On October 3, 2007, the circuit court signed an order granting Purvis and BRJ’s motion for summary judgment, but Lott did not file a response to that motion until October 18, 2007.
 

 ¶ 6. Following the circuit court’s grant of summary judgment, Lott filed a motion to set aside the judgment, which the circuit court denied. Lott then filed a motion to alter or amend the judgment. She withdrew that motion, however, electing instead to file the present appeal.
 

 STANDARD OF REVIEW
 

 ¶ 7. This Court’s standard of review regarding a circuit court’s grant of a motion for summary judgment is as follows:
 

 The Court employs a de novo standard of review in reviewing a lower court’s grant of summary judgment motion.
 
 Roussel v. Hutton,
 
 638 So.2d 1305, 1314 (Miss.1994). Summary judgment is appropriate if the evidence before the Court — admissions in the pleadings, answers to interrogatories, depositions, affidavits, etc.- — shows there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.
 
 Newell v. Hinton,
 
 556 So.2d 1037, 1041 (Miss.1990). This Court does not try issues on a Rule 56 motion, but only determines whether there are issues to be tried.
 
 [Miss.] Ins. Guar. [Ass’n] v. Byars,
 
 614 So.2d 959, 963 (Miss.1993). In reaching this determination, the Court examines affidavits and other evidence to determine whether a triable issue exists, rather than the purpose of resolving that issue. Comment, Miss. R. Civ. P. 56.
 

 Miss. Gaming Comm’n v. Treasured Arts,
 
 699 So.2d 936, 938(¶ 11) (Miss.1997).
 

 DISCUSSION
 

 ¶ 8. Lott presents only one issue on appeal — whether the circuit court erred as a matter of law in granting Purvis and BRJ’s motion for summary judgment. Lott argues that the motion for summary judgment was not properly filed and was not supported by the facts. She comes to this conclusion based on the fact that Pur-vis and BRJ’s motion was unaccompanied by affidavits or other evidence. Lott further argues that the only reason the circuit court granted the motion was because she and her attorney failed to appear at the hearing on the motion.
 

 ¶ 9. Despite her assertions, there is no requirement that a party filing a motion for summary judgment must accompany the motion with any affidavits. Rule 56(b) of the Mississippi Rules of Civil Procedure provides that “[a] party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.”
 

 ¶ 10. In
 
 Fruchter v. Lynch Oil Co.,
 
 522 So.2d 195, 198 (Miss.1988), the supreme
 
 *792
 
 court addressed the law regarding the burden of proof required to support a motion for summary judgment. The supreme court stated that “[t]he burden of producing evidence in support of or in opposition to a motion for summary judgment is a function of our rules regarding the burden of proof at trial on the issue in question.”
 
 Id.
 
 A party moving for summary judgment bears no more burden of proof than what he bears at trial.
 
 Id.
 
 The movant’s burden is one of production and persuasion, not of proof.
 
 Id.
 
 (citing
 
 Brown v. McQuinn,
 
 501 So.2d 1093, 1095 (Miss.1986)). “[T]he movant has the job of persuading the court, first, that there is no genuine issue of material fact and, second, that on the basis of the facts established, he is entitled to judgment as a matter of law.”
 
 Id.
 

 ¶ 11. Once the party moving for summary judgment has shown an absence of a genuine issue of material fact, the “burden of rebuttal falls upon the [nonmoving] party” to “produce specific facts showing that there is a genuine material issue for trial.”
 
 Wilbourn v. Stennett, Wilkinson & Ward,
 
 687 So.2d 1205, 1213 (Miss.1996). The “[nonmoving] party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.”
 
 Id.
 
 at 1214. Bare assertions are not enough to avoid summary judgment, and the nonmovant may not rest upon the allegations in her pleadings.
 
 Watson v. Johnson,
 
 848 So.2d 873, 878(¶ 18) (Miss.Ct.App.2002) (citing
 
 Travis v. Stewart,
 
 680 So.2d 214, 218 (Miss.1996)).
 

 ¶ 12. In the present case, Purvis and BRJ successfully showed an absence of material fact with regard to Lott’s case. Purvis and BRJ alleged in their motion for summary judgment that Lott failed to produce any evidence to show that her alleged injuries were causally related to the accident with Purvis. Contrary to Lott’s claim that the circuit court only granted the motion for summary judgment because she and her attorney did not show up at the hearing on the motion, the circuit court stated in its order granting the motion that the decision was “based on [P]laintiff s lack of evidence supporting her allegations that Defendants’ alleged wrongdoing was the cause in fact of her injuries.... ”
 

 ¶ 13. As required by Rule 56(b), Purvis and BRJ filed a motion alleging that Lott did not satisfy her burden of presenting evidence of each of the necessary elements of negligence. In
 
 First Nat’l Bank v. Olive,
 
 330 So.2d 568, 572 (Miss.1976) (quoting
 
 Hudson v. Farrish Gravel Co., Inc.,
 
 279 So.2d 630, 636 (Miss.1973)), the supreme court said that:
 

 Ordinarily, no recovery can be had where resort must be had to speculation or conjecture for the purpose of determining whether or not the damages resulted from the act of which complaint is made, or some other cause, or where it is impossible to say what of any portion of the damages resulted from the fault of the defendant and what portion from the fault of the plaintiff himself.
 

 ¶ 14. In order to proceed on her claim of negligence, Lott was required to present specific evidence of the following: (1) a duty owed to her by Purvis and BRJ, (2) a breach of that duty, (3) a causal connection between Purvis’s conduct and her alleged injuries, and (4) damages she suffered.
 
 Spoo v. T.L. Wallace Constr. Co.,
 
 858 So.2d 199, 202(¶ 11) (Miss.Ct.App.2003). Notwithstanding Lott’s failure to appear at the hearing on the motion, the circuit court considered the evidence and found nothing to establish a causal connection. Even on appeal, Lott does not point to any witness or evidence indicating that Purvis’s actions caused her alleged injuries.
 

 ¶ 15. As the circuit court did, we find nothing in the record to indicate that Lott’s alleged injuries were the result of
 
 *793
 
 the alleged negligence of Purvis. In addressing Rule 56, the supreme court has stated that:
 

 [W]here the party opposing the motion for summary judgment on a claim or defense upon which it bears the burden of proof at trial, and the moving party can show a complete failure of proof on an essential element of the claim or defense, other issues become immaterial and the moving party is entitled to summary judgment as a matter of law.
 

 Crain v. Cleveland Lodge 1582, Order of Moose, Inc.,
 
 641 So.2d 1186, 1188-89 (Miss.1994) (citing
 
 Grisham v. John Q. Long V.F.W. Post, No. 1057, Inc.,
 
 519 So.2d 413, 416 (Miss.1988)). First, Lott failed to file a timely response to Purvis and BRJ’s motion. Second, Lott’s untimely response to the motion further failed to point to any evidence indicating that her alleged injuries were the result of Purvis’s actions.
 

 ¶ 16. After reviewing the record before this Court, we agree with the circuit court that Lott presented no evidence of causation aside from her own allegations. Accordingly, there was no genuine issue of material fact as to the causation element of negligence. We find that the circuit court properly granted summary judgment in favor of Purvis and BRJ, and we affirm that judgment.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ„ CONCUR.