66 So.3d 712 (2011)
The ESTATE of Christian Arkel HYNES, A Minor by and through His Natural Mother and Next Friend, Kenyatta Mashae McKNIGHT, His Natural Father and Next Friend, Anthony Hynes, Ryan Ke'Wun Jhonshea McKnight, A Minor, Anthony Malik Hynes, Jr., A Minor and Tyran Makel Davis, A Minor, As Wrongful Death Beneficiaries of Christian Arkel Hynes, A Minor, Appellants
v.
AMBLING MANAGEMENT COMPANY, INC. d/b/a Willow Pointe Apartments and Park Management, LLC, Appellees.
No. 2009-CA-01629-COA.
Court of Appeals of Mississippi.
June 28, 2011.
*713 Brandon I. Dorsey, attorney for appellants.
Jason H. Strong, attorney for appellees.
Before LEE, C.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court:
¶ 1. In July 2007, Christian Hynes (Hynes), a minor who was an invitee on the premises of Willow Pointe Apartments (the Apartments) in Jackson, Mississippi, was killed in a hit-and-run accident in the Apartments' parking lot. Hynes's mother, father, and the wrongful-death beneficiaries (the Estate) filed suit in Hinds County Circuit Court alleging negligence on the part of Ambling Management Company, Inc. d/b/a Willow Pointe Apartments and Park Management, LLC (Park), the company that managed the Apartments. Thereafter, the Apartments and Park filed a motion for summary judgment. On August 21, 2009, the trial court granted the motion and dismissed the case. Aggrieved, the Estate now appeals. Finding no error, we affirm.

*714 FACTS
¶ 2. On July 24, 2007, seven-year-old Hynes was visiting his aunt, Gwendolyn Thomas, at the Apartments when he, his five-year-old cousin, and his nine-year-old brother left Thomas's residence unsupervised. The children were on the premises of the Apartments without supervision for approximately three hours before the accident occurred. Around dusk it began to rain, and the children ran through the parking lot to return to Thomas's residence.
¶ 3. As they approached Thomas's building, Hynes ran into the path of an oncoming vehicle that struck him and drove away. The driver of the vehicle is unknown, and there were no eyewitnesses to the incidentneither of the other two children with Hynes saw the accident occur. Hynes later passed away at a local hospital.
¶ 4. In September 2007, the Estate filed suit against the Apartments, Park, John Doe Defendants 1 through 10, and John Doe Individual Defendants 1 through 10, claiming that an alleged failure to maintain speed bumps on the premises of the Apartments was the proximate cause of Hynes's death. In February 2009, after substantive discovery took place, the Apartments and Park filed a motion for summary judgment, which the trial court granted. In its order, the trial court concluded the Estate had not provided any evidence that the unknown driver of the vehicle in question was speeding at the time he or she struck Hynes. Additionally, the trial court found that the Estate had failed to demonstrate the Apartments and Park owed a duty of maintaining speed bumps located on the premises. Furthermore, the trial court held, assuming arguendo the Apartments and Park were required to maintain speed bumps, the Estate had not presented any evidence that the speed bump at issue was insufficient or that it had fostered a dangerous condition. Accordingly, the trial court entered a final judgment dismissing the case in August 2009. The Estate now appeals, claiming that the trial court erred in granting summary judgment.

DISCUSSION
¶ 5. This Court employs a de novo standard of review when analyzing a trial court's decision to grant summary judgment. Leffler v. Sharp, 891 So.2d 152, 156 (¶ 9) (Miss.2004). In reviewing the grant of summary judgment, "[t]he evidence must be viewed in the light most favorable to the party against whom the motion has been made." Id. (citing Russell v. Orr, 700 So.2d 619, 622 (Miss.1997)). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).
¶ 6. A plaintiff must submit proof of the four elements of tort, including duty, breach of the duty, causation, and damage, in order to support a negligence claim. Watson Quality Ford, Inc. v. Casanova, 999 So.2d 830, 835 (¶ 14) (Miss.2008). Here, it is undisputed that Hynes entered the premises of the Apartments at the invitation of Thomas, his aunt and a resident of the Apartments, and was playing on the premises with Thomas's other nieces and nephews during his visit to the Apartments. We interpret that it was mutual advantageous for Thomas to invite Hynes to her residence for the children to play together; therefore, Hynes is presumed to be an invitee under the law. See Little by Little v. Bell, 719 So.2d 757, 760 (¶ 15) (Miss.1998) (citing Hoffman v. Planters Gin Co., 358 So.2d 1008, 1011 (Miss.1978)). As such, the Apartments *715 and Park owed Hynes "the duty to keep the premises reasonably safe and[,] when not reasonably safe[,] to warn only where there is hidden danger or peril that is not [in] plain and open view." Id. at 760 (¶ 16) (citing Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss.1992)).
¶ 7. The Estate claims that a duty to maintain speed bumps located on the property, so as to minimize speeding, is included within the Apartments' duty to keep the premises reasonably safe. In support thereof, the Estate asserts that the speed bump near the accident site was "worn." However, the Estate provides no evidence that the Apartments and Park had an affirmative duty, either by statute or by common law, to equip the property with speed bumps, much less meet a particular standard of maintenance of the speed bumps. Additionally, there is no evidence, other than the Estate's blanket assertion that the speed bump near the accident site was "worn," to indicate that the speed bumps on the property were, in fact, insufficient or ineffective.
¶ 8. The Estate further claims that Hynes's injury ought to have been reasonably anticipated by the Apartments and Park and that such foreseeability is a component of the duty owed to Hynes. In support thereof, the Estate cites to Rein v. Benchmark Construction Co., 865 So.2d 1134 (Miss.2004) (citation omitted). We agree that a determination of the existence of a duty includes whether the "injury is reasonably foreseeable." Id. at 1143 (¶ 29) (quoting Lyle v. Mladinich, 584 So.2d 397, 399 (Miss.1991)). Nonetheless, the Estate has not provided evidence to support the assertion that the Apartments and Park had reason to believe that speeding was, or ever has been, a problem at the complex. While the Estate referenced one prior altercation that had previously occurred on the premises, evidence of a fight between acquaintances at the Apartments over a decade ago does not constitute evidence of a speeding problem on the property.
¶ 9. Nonetheless, for the sake of argument, were we to assume that the Apartments and Park did owe a duty to Hynes and subsequently breached that duty, the Estate has failed to show that breach of a duty to maintain speed bumps on the property proximately caused Hynes's injury. The Estate claims that the vehicle in question was speeding on the premises when it struck Hynes and that proper maintenance of the speed bumps would have prevented the injury. However, the Estate offers no proof whatsoever that the vehicle in question was speeding, other than statements in the Estate's pleadings, that the vehicle was speeding. No one witnessed the incident, and the driver of the vehicle remains unknown.
¶ 10. This Court has previously held that the "nonmoving party's claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict." Lott v. Purvis, 2 So.3d 789, 792 (¶ 11) (Miss.Ct.App.2009) (quoting Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1213 (Miss.1996)). "[B]are assertions are simply not enough to avoid summary judgment. . . . The nonmovant may not rest upon allegations or denials in his pleadings." Watson v. Johnson, 848 So.2d 873, 878 (¶ 18) (Miss.Ct. App.2002) (citing Travis v. Stewart, 680 So.2d 214, 218 (Miss.1996)). Hence, even if the Estate had proven that the Apartments and Park breached a duty owed to Hynes, it failed to provide any evidence of proximate cause.
¶ 11. Accordingly, we find that the Estate failed to provide sufficient evidence proving the threshold requirement that the Apartments and Park owed a duty to *716 Hynes and that they breached that duty. Furthermore, even if the Estate had shown that the Apartments and Park breached a duty owed to Hynes, it did not demonstrate that such a breach was the proximate cause of Hynes's injuries. As such, we cannot find error in the grant of summary judgment to the Apartments and Park and, therefore, affirm the trial court's judgment.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY. MAXWELL AND RUSSELL, JJ., NOT PARTICIPATING.