McMILLIN, C. J.,
for the Court.
¶ 1. The Circuit Court of Jackson County granted summary judgment against Darrin Louis McArthur in his negligence claim for injuries arising out of a work-related accident. The claim was asserted against McArthur’s employer under the Jones Act. The circuit court determined *502 that there was no genuine disputed issue of fact regarding McArthur’s status as a seaman within the meaning of the Jones Act. The court concluded that, as a matter of law, McArthur was not a seaman and could not, therefore, pursue a Jones Act claim. Rather, the court found that his sole remedy was under the Longshoremen and Harbor Workers Compensation Act. McArthur has appealed, asserting that his status as a seaman was a disputed issue of fact that could only be decided by a jury after hearing evidence on the issue. For that reason, McArthur contends, the trial court erred in granting summary judgment. Based upon our de novo review of the record, we do not find error in the trial court’s decision and, for that reason, we affirm the grant of summary judgment.
I.
Facts
¶ 2. The case presents a straightforward question that can be framed adequately without a detailed initial recitation of the facts. McArthur worked in the Ingalls Shipyards as a diver engaged primarily in making underwater repairs to the shipyard’s dry docks. To facilitate the carrying out of repair work, McArthur and other divers worked a substantial part of the time from a floating platform that could be moved along the dry dock to the particular work site. The platform was not independently powered. Instead, it was pushed from one work site to another by a skiff powered by an outboard motor.
¶ 3. In the course of making a dive, McArthur was injured in a mishap alleged to have been caused when a fellow workman mistakenly opened a underwater vent in the dry dock, which caused McArthur to be sucked into the opening. In the action that is now before this Court, McArthur sought damages against his employer sounding in negligence under the Jones Act. The proper outcome of this case turns on the issue of whether or not McArthur was performing the duties of a seaman within the meaning of that term in the Jones Act at the time of his injury. For purposes of our analysis, the issue can be further refined to the question of whether McArthur was performing his duties as a member of a crew on a vessel in navigation.
¶ 4. The circuit court determined that the platform from which McArthur was diving was not a vessel in navigation within the meaning of the Jones Act, thus necessarily denying McArthur the status of a seaman authorized to pursue a negligence claim against his employer under that statute. It is from that determination that McArthur has brought this appeal.
II.
General Discussion
¶ 5. When called upon to review a trial court’s decision to grant summary judgment, an appellate court affords no deference to the trial court’s decision, but rather conducts a de novo review of the same information considered by the trial court to determine whether, in the view of the appellate court, the summary judgment was properly entered. Lyle v. Mladinich, 584 So.2d 397, 398 (Miss.1991) (citing Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 65 (Miss.1988)). The court must consider the available evidence in the light most favorable to the non-moving party. Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1354 (Miss.1990). Further, the law suggests the need to err on the side of caution and permit a full development of the facts through trial in those instances where the propriety of summary judgment appears a close question. E.g., Roebuck v. McDade, 760 So.2d 12(¶ 9) (Miss.Ct.App.1999). Nevertheless, *503 summary judgment is appropriate in those instances where it can be demonstrated satisfactorily that there is no dispute concerning any material fact pertaining to the case and that the moving party is entitled to judgment as a matter of law. M.R.C.P. 56(c); Williamson ex rel. Williamson v. Keith, 786 So.2d 390(¶ 10) (Miss.2001).
¶ 6. Jones Act cases have their basis in federal legislation appearing in 46 U.S.C. § 688 but may be brought in state courts. King v. Grand Casinos of Miss., 697 So.2d 439(¶ 12) (Miss.1997). However, though the action may be maintained in the state courts, the Mississippi Supreme Court has noted that “state courts are required to apply the substantive federal law” as to such cases. Id. Even more directly, in that same case, the supreme court found that “a Fifth Circuit Court of Appeals decision on point” would be considered to be “controlling with regard to the ... issue of federal law.” Id. at (¶ 4).
¶ 7. With that background in mind, we turn to the specific issue before us as to whether, at the time of his injury, McAr-thur could arguably be classified as a seaman within the meaning of the Jones Act.
III.
Jones Act Seaman Status
¶8. “Thé key to seaman status is employment-related connection to a vessel in navigation.” McDermott Int’l, Inc. v. Wilander, 498 U.S. 337, 355, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991) (emphasis added). There is substantial authority for the proposition that whether a particular individual is a seaman for purposes of the Jones Act is a mixed question of law and fact that, in only the rarest of cases, ought to be decided by the court rather than the jury sitting as finders of fact. Daniel v. Ergon, Inc., 892 F.2d 403, 407 (5th Cir.1990); Coulter v. Texaco, Inc., 714 F.2d 467, 468 (5th Cir.1983).
¶9. Despite these generally-applicable pronouncements, there has been a substantial amount of litigation over whether certain floating structures serving some purpose in the maritime service fail, as a matter of law, to qualify as a “vessel in navigation” for purposes of the Jones Act. This is a matter of critical concern since the test of who qualifies as a seaman involves not only the nature of the duties being carried out by the individual but necessarily includes the requirement that those duties be undertaken in connection with a vessel in navigation. Thus, it is entirely possible that one of two individuals involved in maritime-related activities and routinely performing essentially the same tasks could qualify as a seaman while the other did not based solely on the question of whether the individual in question was sufficiently associated with a vessel in navigation.
¶ 10. Out of that litigation, the Fifth Circuit has developed what appears to be a bright-line test for certain floating rigs that simply, as a matter of law, fail to qualify as a vessel in navigation. The contention by Ingalls before the trial court, which is now reasserted on appeal, is that the floating barge from which McArthur conducted his diving activities meets in all respects the test for “non-vessel” status under the Fifth Circuit decisions, which are binding on this court. The test as developed by the Fifth Circuit was set out succinctly by that court in Bernard v. Binnings Constr. Co. when it said:
Since Cook [v. Belden Concrete Products, Inc., 472 F.2d 999 (5th Cir.1973)] we have, despite our reluctance to take Jones Act claims from the trier of fact, affirmed findings that, as a matter of law, other floating work platforms are not vessels. A review of these decisions *504 indicates three factors common to them: (1) the structures involved were constructed and used primarily as work platforms; (2) they were moored or otherwise secured at the time of the accident; and (3) although they were capable of movement and were sometime moved across navigable waters in the course of normal operations, any transportation function they performed was merely incidental to their primary purpose of serving as work platforms.
Bernard v. Binnings Constr. Co., 741 F.2d 824, 831 (5th Cir.1984).
¶ 11. The floating device in the case before us, based on the undisputed evidence appearing in the record in regard to the summary judgment motion, was a floating platform that had no independent source of power. It did not possess any of the typical physical attributes normally associated with a vessel engaged in navigation. It had no running lights save for a set of portable battery-operated running lights that were stored on the platform. It had no crew quarters or galley or other accommodations for a crew other than a cold water shower. Its only recurring transportation use was that some of the divers’ equipment was stored on the platform and would, thus, be moved from one work location to another when the platform was pushed to a new work site by a motor-powered skiff. There was no indication that the platform served any purpose associated with maritime activities other than as a platform for divers' to work at their tasks related to performing repair work on the dry dock. The platform remained moored essentially all of the time except when it was being moved to a different location along the dock. The platform was moored and not underway at the time of the accident that injured McAr-thur.
¶ 12. In that circumstance, this Court concludes that, as a matter of law under existing binding precedent, there is no jus-ticiable issue in dispute to be resolved by the trier of fact as to whether this platform could arguably be found to be a vessel in navigation. For that reason, we do not find that the trial court erred in granting summary judgment against Mc-Arthur.
IV.
Alternative Argument
¶ 13. McArthur advances the alternative argument that, by virtue of the fact that he was working as a diver at the time of his injury, he was a seaman within the meaning of the Jones Act without regard to whether he had the necessary nexus at the time to a vessel in navigation. McAr-thur cites Wallace v. Oceaneering International in support of this contention, which held that “a diver’s work necessarily involves exposure to numerous marine perils, and is inherently maritime.... ” Wallace v. Oceaneering Int’l, 727 F.2d 427, 436 (5th Cir.1984).
¶ 14. We find this alternate contention to be without merit. The Wallace case goes on to state that “a commercial diver ... has the legal protections of a seaman when a substantial part of his duties are performed on vessels.” Id. (emphasis added). It is not the nature of McArthur’s duties as a diver that deprives him of seaman status. It is our determination that, as a matter of binding precedent set down by the Fifth Circuit on an issue of substantive federal law, McArthur did not have the necessary connection to a vessel in navigation that is an essential part of the definition of a Jones Act seaman.
¶ 15. For the foregoing reasons, we conclude that the trial court did not err in *505 entering summary judgment in favor of Ingalls and, on that basis, we affirm.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.