# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-01747-SCT

*GEORGE WALTMAN AND LIBERTY MUTUAL INSURANCE COMPANY*

*v.*

*ENGINEERING PLUS, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/2017 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON, JR. |
| TRIAL COURT ATTORNEYS: | JAMES A. WILLIAMS |
| | LESLIE C. GATES |
| | MARGARET Z. SMITH |
| | ROBERT A. MILLER |
| | KATHLEEN I. CARRINGTON |
| | JONATHAN C. TABOR |
| | CHRISTOPHER MICHAEL FALGOUT |
| | JOHN S. GONZALEZ |
| | LINDSEY BLACKWELL HARRIS |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JAMES A. WILLIAMS |
| | LINDSEY BLACKWELL HARRIS |
| ATTORNEYS FOR APPELLEE: | ROBERT A. MILLER |
| | MARGARET Z. SMITH |
| | KATHLEEN I. CARRINGTON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 03/07/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS AND KING, P.JJ., AND COLEMAN, J.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. In 2013, Lauderdale County contracted with Norman Enterprises, Inc., a roofing company, to repair the roof of the Ulmer Building in Meridian, Mississippi. George Waltman, an employee of Norman Enterprises, fell through the roof while performing work.

Waltman sued Engineering Plus, Inc., the project engineer, claiming it should have warned him of the dangerous condition of the roof. Engineering Plus moved for summary judgment, arguing it had no duty to warn Waltman. The Lauderdale County Circuit Court agreed and granted summary judgment to Engineering Plus. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In the summer of 2012, the Lauderdale County Board of Supervisors sought to replace the roofs of several county-owned buildings. A representative of the Board contacted Terrell Temple, an engineer and the president of Engineering Plus, to hire Temple's company as the project engineer for the Ulmer Building and Mount Barton School roof-repair projects in Meridian, Mississippi. Engineering Plus prepared the project details, the contract documents, and the bid paperwork to facilitate the Board's hiring a general contractor. Those documents set forth the scope of the projects and the responsibilities of the general contractor.

¶3.    In February 2013, Lauderdale County advertised for bids using the documents prepared by Engineering Plus. Norman Enterprises submitted a bid, which the county accepted. On March 18, 2013, Lauderdale County entered into a contract that incorporated the bid details, with Norman Enterprises as the general contractor for the Ulmer Building project.

¶4.    George Waltman, an employee of Norman Enterprises, worked on the Ulmer Building project. After Norman Enterprises had received the notice to proceed with the project, Waltman went to the Ulmer Building on July 23, 2013, to begin removing debris from the

roof in preparation for the repairs. Within minutes of arriving at the site, Waltman stepped onto a deteriorated area of the roof and fell through, suffering injuries.

¶5.    Waltman sued the project engineer, Engineering Plus, claiming that it knew of the dangerous condition of the roof and should have warned him. Engineering Plus filed a motion for summary judgment on the basis that it had no contractual or common law duty to warn Norman Enterprises's employees of the condition of the roof. The circuit court agreed with Engineering Plus.

¶6.    On November 16, 2017, the circuit court entered a memorandum opinion and order in which it granted Engineering Plus's motion for summary judgment and dismissed the cause. Waltman appealed.

## STANDARD OF REVIEW

¶7.    When parties appeal a grant or denial of summary judgment, this Court employs a *de novo* standard of review. ***Bullock v. Life Ins. Co. of Miss.***, 872 So. 2d 658, 660 (¶ 6) (Miss. 2004). On *de novo* review, no deference is given to a lower court's decision. ***McArthur v. Ingalls Shipbuilding, Inc.***, 879 So. 2d 500, 502 (Miss. Ct. App. 2004). This Court reviews all the evidence in the light most favorable to the non-moving party. ***Id.***

## ANALYSIS

¶8.    "When the proof regarding only one element of a plaintiff's claim fails, the defendant is entitled to summary judgment, despite any factual disputes regarding the remaining elements of the claim." ***Hernandez v. Vickery Chevrolet-Oldsmobile Co.***, 652 So. 2d 179, 183 (Miss. 1995) (citing ***Grisham v. John Q. Long V.F.W. Post***, 519 So. 2d 413, 416 (Miss.

1988)). The issue in this case involves only one element of George Waltman's claim: whether Engineering Plus had a *duty* to warn him of the dangerous condition of the roof. For an engineer to have an affirmative duty to warn of dangerous conditions, the engineer must have taken on, either by contract or conduct, the responsibility of maintaining the safety of the construction project. *McKean v. Yates Eng'g Corp.*, 200 So. 3d 431, 435 (Miss. 2016).[1]

## I.    Engineering Plus did not assume a duty by contract.

¶9.    George Waltman argues that Engineering Plus assumed a contractual duty to supervise the Ulmer Building project based on the following language in the contract between Lauderdale County and Norman Enterprises: "It is further agreed that the work[] shall be done under the direct supervision and to the complete satisfaction of the County Engineer or his authorized representatives."[2] The contract as a whole, however, indicates that the parties did not intend for Engineering Plus to be responsible for the safety of Waltman.

¶10.    The contract specifies that Norman Enterprises was

> responsible *for all loss or damage* arising out of the nature of the work aforesaid, or from the action of the elements, and unforeseen obstruction or difficulties which may be encountered in the prosecution of the same and *for all risks of every description connected with the work* for faithfully completing the whole work[.]

The contract further provides that Norman Enterprises "shall satisfy [itself] of the existing size and conditions of the project area." Other provisions of the contract reinforce the

---

[1]Although an architect's duty was at issue in *McKean*, the context of that opinion makes clear that the rule extends to engineers as well.

[2]This is the only provision in the contract that arguably could create a duty.

proposition that Norman Enterprises was the only party responsible for safety at the project's work site.

¶11. American Jurisprudence, Second Edition, sets out the following general rules of contract interpretation when two or more provisions are arguably in conflict:

> Where there is an apparent repugnancy or conflict between two clauses or provisions of a contract, it is the province and duty of the court to find harmony between them and to reconcile them if possible. . . . No contract provision should be construed as being in conflict with another unless no other reasonable interpretation or construction is possible. . . . Where a repugnancy is found between clauses, . . . [t]he clause contributing most essentially to the contract is entitled to the greater consideration, and a subsidiary provision should be so interpreted as not to be in conflict with what clearly appears to be the dominant purpose of the contract. . . . [T]his rule is tempered by the corollary that the more specific clause controls the more general.

17A Am. Jur. 2d *Contracts* § 374 (citations omitted).

¶12. The above contract provisions limited the responsibility for Waltman's safety—while at the work site—specifically to Norman Enterprises. These specific provisions control the more general provision that reads, the work "shall be done under the direct supervision of" Engineering Plus.

¶13. Engineering Plus did not assume a duty by contract to warn Waltman of the dangerous condition of the Ulmer Building's roof.

## II. Engineering Plus did not assume a duty by conduct.

¶14. "[T]o determine whether an engineer ha[s] a supervisory duty outside the provisions of [a] contract," this Court expressly has adopted the "seven-factor test used in [*Hanna v. Huer, Johns, Neel, Rivers & Webb* . . . .]" *McKean*, 200 So. 3d at 434-35 (citing *Hanna v. Huer, Johns, Neel, Rivers & Webb*, 233 Kan. 206, 662 P.2d 243 (1983), *superseded by*

*statute as recognized in **Edwards v. Anderson Eng'g, Inc.***, 284 Kan. 892, 166 P.3d 1047

(2007)).

> Those factors are: (1) actual supervision and control of the work; (2) retention of the right to supervise and control; (3) constant participation in ongoing activities at the construction site; (4) supervision and coordination of subcontractors; (5) assumption of responsibilities for safety practices; (6) authority to issue change orders; and (7) the right to stop the work.

***Id.*** (quoting ***McKean v. Yates Eng'g Corp.***, 210 So. 3d 1037, 1044 (Miss. Ct. App. 2015)

(quoting ***Hobson v. Waggoner Eng'g, Inc.***, 878 So. 2d 68, 72 (Miss. Ct. App. 2003))).

¶15.   With respect to this issue, Waltman argues only that Engineering Plus had knowledge

of the dangerous condition of the roof. Knowledge of dangerous conditions, by itself, does

not satisfy the ***Hanna*** factors. Indeed, a review of the entire record shows that no evidence

was offered that Engineering Plus had responsibility for any supervision or control of the

work, that Engineering Plus had participated in activities at the work site, that Engineering

Plus had assumed responsibility for safety practices, or that Engineering Plus had the

authority to issue changes or to stop the work.

¶16.   In the pleadings below and in his brief before this Court, Waltman does not allege any

conduct that could satisfy the ***Hanna*** factors. Accordingly, Engineering Plus did not assume

a duty by conduct.

### III.   Waltman's remaining arguments are unavailing.

¶17.   Throughout his brief, Waltman makes several arguments that have no bearing on the

controlling issue of whether Engineering Plus had a duty to warn of the dangerous condition

of the Ulmer Building's roof. For example, Waltman writes, "The relation of Engineering

Plus to Norman Roofing was that of owner-invitee. A business invitee is defined as someone who enters onto another's premises at the invitation of the owner for the purpose of benefitting both parties." We have read the entire record, and no evidence has been offered to suggest that Engineering Plus owned or controlled the Ulmer Building. Additionally, Waltman never asserted or pursued a premises liability claim at the trial level.

## CONCLUSION

¶18. George Waltman did not establish that the defendant had a duty to warn him of the dangerous condition of the Ulmer Building's roof. The Circuit Court of Lauderdale County correctly granted summary judgment in favor of Engineering Plus. We affirm the circuit court's judgment.

¶19. **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**